## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID SETH WORMAN, et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | )   **Case No.: 1:17-CV-10107** |
| | ) |
| **v.** | ) |
| | ) |
| **CHARLES D. BAKER, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## <u>OPPOSITION TO THE NOTICE OF RELATED CASE</u>

Plaintiffs, David Seth Worman, Anthony Linden, Jason William Sawyer, Nicholas Andrew Feld, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost (collectively "Plaintiffs"), by and through their attorneys, hereby move this Court to maintain the current case assignment in the Eastern Division.  Defendants filed a "Notice of Related Case," ECF No. 8 ("Notice"), asserting that *Pullman Arms, Inc., v. Healey*, Case No. 4:16-cv-40136-TSH, currently pending in the Central Division of this Court, is related to the instant case because "[b]oth the present case and the related case name the Attorney General in her official capacity and seek to challenge a public advisory issued by the Attorney General[.]"[1] Notice at 1.  The causes of action asserted by Plaintiffs, however, do not substantially overlap with and are not the same or similar to those asserted by the *Pullman Arms* plaintiffs, as explained

---

[1] Defendants have not filed a motion to consolidate the instant case with *Pullman Arms*, and such a motion would be inappropriate for the reasons transfer to the Central Division would be inappropriate as described herein.  To the extent the Notice implicitly requests consolidation, Plaintiffs oppose such a request because the causes of action, relevant evidence, applicable defenses, and remedies in this case are all different than those in *Pullman Arms*.

more fully below.  For this reason, this Court should keep the instant case in the current division, which is the proper venue for Plaintiffs' challenges.

## ARGUMENT

Under local rule 40.1(G)(1), cases are considered "related" if "some or all of the parties are the same and if . . . the cases involve the same or similar claims or defenses."[2] Defendants assert that the Attorney General is a defendant in both actions (an assertion the Plaintiffs do not dispute) and that the cases "involve the same or similar claims or defenses" because they "seek to challenge a public advisory issued by the Attorney General, titled 'Enforcement Notice: Prohibited Assault Weapons,' on July 20, 2016." Notice at 1. While the parties in the two cases overlap insofar as the Attorney General is a party in both cases, the causes of action asserted by Plaintiffs are not the same or similar to those asserted by the plaintiffs in *Pullman Arms*, and this Court should maintain the current assignment of this case.

**A.    Plaintiffs' Contentions in the Instant Case Focus Primarily on Statutory Law.**

Plaintiffs have alleged three causes of action: that Massachusetts' statutory prohibition on "assault weapons" and "large capacity feeding devices" violates the Second Amendment to the United States Constitution; that the statutory phrase "copies or duplicates" is unconstitutionally vague; and that the Attorney General's Notice of Enforcement is an unconstitutional retroactive application of an expanded criminal

---

[2] Local rule 40.1(G)(1) contains other criteria for determining that cases are related (if they involve the same property, transaction, or event; if they involve insurance coverage for the same property, transaction, or event; or the cases involve substantially the same questions of fact and law), but Defendants have not asserted that any of these criteria are met.  Regardless, as demonstrated herein, none of the criteria necessary to support a finding that this case is related to *Pullman Arms* are met.

statute. The bulk of Plaintiffs' arguments are directed at the statutory language prohibiting the possession of "assault weapons" and "large capacity feeding device." The only challenge to the Notice of Enforcement is to its retroactive application to transfers approved by Massachusetts at the time they occurred.

**B.**     **Plaintiffs' Contentions in *Pullman Arms* Are Confined to the Notice of Enforcement.**

The *Pullman Arms* plaintiffs, in contrast, assert the following causes of action: 1) a facial challenge that the Notice of Enforcement's phrase "substantially similar" is unconstitutionally vague; 2) as-applied vagueness challenges to the same phrase with respect to specific firearms; a facial challenge that the Notice of Enforcement (and not the statute itself) violates the Second Amendment to the United States Constitution; and 3) a state-law challenge that the Notice of Enforcement exceeded the Attorney General's authority under Massachusetts law.  *Pullman Arms*, First Amended Complaint at ¶¶ 73-102, ECF No. 15. Notably, the Second Amendment allegations in *Pullman Arms* are confined to the Notice of Enforcement itself, as the Attorney General has noted: "the plaintiffs [in *Pullman Arms*] only contend that the Enforcement Notice <u>itself</u> violates the Second Amendment; they do not contend that the Massachusetts Assault Weapons Ban violates the Second Amendment." *Pullman Arms*, Defendants' Motion to Dismiss Amended Complaint at 38, ECF No. 23 (January 10, 2017) (emphasis in original). The *Pullman Arms* plaintiffs have not asserted a retroactivity challenge.

**C.     There Are Important Differences Between Plaintiffs' Complaint and the**
**        _Pullman Arms_ Complaint.**

The plaintiffs in _Pullman Arms_ have confined their complaint to challenging the

Notice of Enforcement itself, while the Plaintiffs in the instant case have focused their

complaint on the statutes underlying the Notice of Enforcement. The complaint in

_Pullman Arms_ does not allege any constitutional infirmities with Massachusetts statutory

law, nor does it allege that the Notice of Enforcement is an unconstitutional retroactive

action. The subject matters of the two lawsuits overlap only to the extent that they both

bring challenges to the Notice of Enforcement, but, as explained more fully below, the

challenges in each case are very different, involving different law, facts, and analyses.

**D.     Although Both Cases Involve the Notice of Enforcement, the Claims Made in**
**        Each Are Not the Same or Similar.**

A review of the details of Plaintiffs' retroactivity claim, the required evidence to

prove their claim, and the defenses available to the Defendants demonstrates that

Plaintiffs' claim related to the Notice of Enforcement is not the same or similar to the

claims made by the _Pullman Arms_ plaintiffs.

Plaintiffs assert that the Notice of Enforcement violates the Due Process Clause of

the Fourteenth Amendment because it retroactively criminalizes conduct that occurred in

the past, but was lawful at the time it occurred. Complaint at ¶¶ 67-71; 78-96. Plaintiffs'

cause of action is based on the fact that Defendants' conduct from 1998 until July 20,

2016 demonstrated that transactions involving Massachusetts Compliant Firearms

(defined in the Complaint as firearms similar to those enumerated as "assault weapons"

by statute) were legal and were affirmatively approved by Defendants.  On July 20, 2016,

4

however, the Attorney General issued the Notice of Enforcement that declared all of those approved transactions to have been illegal, exposing owners of these firearms and federal firearms licensees, including Plaintiffs, to criminal and administrative penalty under federal law. Thus, Plaintiffs' cause of action will involve an examination of the actions taken by Defendants during the time period before the Notice of Enforcement was issued and the subsequent effect of the Attorney General's declaration that transactions involving Massachusetts Compliant Firearms occurring in the past were illegal under Massachusetts law at the time they occurred.  The Attorney General's defense to this claim could focus only on conduct occurring before the Notice of Enforcement was issued and the retroactive application of the Notice of Enforcement.

Resolution of the *Pullman Arms* case will involve consideration of evidence related to the scope of the phrase "substantially similar;" evidence related to the inner workings of particular firearms and whether the phrase "substantially similar" is vague as applied to those firearms; evidence related to the process by which, and authority under which, the Attorney General promulgated the Notice of Enforcement; and evidence related to whether the Notice of Enforcement (and not the statute underlying the Notice of Enforcement) is an unconstitutional infringement on plaintiffs' Second Amendment rights. The Attorney General's defense, presumably, will focus on the lack of ambiguity in the phrase "substantially similar," the lack of any ambiguity in the application of that phrase to the specified firearms, the authority of the Attorney General to issue the Notice of Enforcement, and the lack of a burden on plaintiffs' Second Amendment rights imposed by the Notice of Enforcement itself.

The claims made by Plaintiffs are not the same or similar to those made by the plaintiffs in *Pullman Arms*. As set forth above, the relevant evidence, law, and defenses will be different between the cases because there is little, if any, overlap in the causes of action or legal theories. Accordingly, this Court should maintain the current assignment of the instant case.

**E.     The Procedural Posture of the Two Cases Supports Maintaining the Current Assignment of the Instant Case.**

*Pullman Arms* has progressed significantly from the filing of the complaint. The Attorney General moved to dismiss the complaint, causing an amended complaint to be filed. The Attorney General then moved to dismiss the amended complaint and the plaintiffs opposed that motion. A hearing has already been set on that fully-briefed motion (for April 7, 2017), which, if granted, would dispose of that case entirely. The different procedural postures of the two cases counsels against transfer, because there is a chance that *Pullman Arms* will be disposed of shortly.

**CONCLUSION**

This Court should maintain the current assignment of the instant case because the claims and defenses involved in the current case are not the same or similar to those involved in *Pullman Arms*.

Respectfully submitted,

/s/ James M. Campbell
James M. Campbell (BBO#541882)
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
(617) 241-3000
jmcambpell@campbell-trial-lawyers.com

John Parker Sweeney
(*Pro Hac Vice* Motion forthcoming)
T. Sky Woodward
(*Pro Hac Vice* Motion forthcoming)
James W. Porter, III
(*Pro Hac Vice* Motion forthcoming)
Marc A. Nardone
(*Pro Hac Vice* Motion forthcoming)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
JSweeney@bradley.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of January, 2017, this Motion to Maintain Case Assignment was served, via electronic delivery to Defendants' counsel via CM/ECF system which will forward copies to Counsel of Record.

/s/ James M. Campbell
James M. Campbell