UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SETH WORMAN, ANTHONY LINDEN, JASON WILLIAM SAWYER, NICHOLAS ANDREW FELD, PAUL NELSON CHAMBERLAIN, GUN OWNERS' ACTION LEAGUE, INC., ON TARGET TRAINING, INC., AND OVERWATCH OUTPOST, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; COLONEL RICHARD D. McKEON, in his official capacity as Superintendent of the Massachusetts State Police; and MASSACHUSETTS STATE POLICE, <br><br> Defendants. | CIVIL ACTION <br> NO. 17-10107-WGY |

## ANSWER

### First Defense.

Defendants Charles D. Baker, in his official capacity as Governor of the Commonwealth of Massachusetts; Maura Healey, in her official capacity as Attorney General of the Commonwealth of Massachusetts; Daniel Bennett, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; Colonel Richard D. McKeon, in his official capacity as Superintendent of the Massachusetts State Police; and Massachusetts State Police (collectively, the "defendants") answer the corresponding paragraphs of the Complaint as follows:

1.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b) because the text of the Second Amendment and cited caselaw speak for themselves.

2.      The first and second sentences of  paragraph 2 assert legal opinions and conclusions as to the operation or effect of certain provisions of Mass. General Laws, which speak for themselves; the defendants deny that Massachusetts "pejoratively" defines assault weapons or that the term is a "non-technical, entirely fabricated and political term of uncertain definition and scope," and state that they are without knowledge or information sufficient to form a belief as to the truth of whether the referenced models are "by far the most popular rifles in the country."  The third, fourth and fifth sentences of paragraph 2 assert legal opinions and conclusions of law to which no response is required; to the extent these sentences contain any allegations of fact, they are denied.

3.      The defendants admit that Attorney General Healey issued a "Notice of Enforcement" dated July 20, 2016, which speaks for itself.  The remainder of paragraph 3 asserts legal opinions and conclusions to which no response is required under Fed. R. Civ. P. 8(b); to the extent a response is required, the allegations of this paragraph are denied.

4.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

5.      The fourth sentence of this paragraph is admitted.  The remaining sentences in this paragraph contain no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the remaining allegations of this paragraph are denied.

6.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

7.      The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the operation or effect of certain provisions of the Massachusetts General Laws, which speak for themselves.  The second sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions; to the extent a response is required, the allegations of this sentence are denied.

8.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but rather asserts legal opinions and conclusions or law, and describes the relief the plaintiffs seek.  To the extent a response is required, the defendants lack knowledge or information sufficient form a belief as to the truth of any allegations of fact in this paragraph. Further answering, the defendants deny that the plaintiffs are entitled to any relief in this action.

9.      This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b).  Further answering, the defendants deny that the plaintiffs are entitled to the requested relief.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent it contains contain allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

16.     Defendants deny the allegations of the last sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18.     Defendants deny the allegations of the fifth, sixth and seventh sentences in this paragraph.  In the fourth sentence of this paragraph, the plaintiffs' assertion that the referenced firearms and magazines are "constitutionally protected" is a legal opinion and conclusion of law as to which no response is required under Fed. R. Civ. P. 8(b). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

19.     Defendants deny the allegations of the fifth, sixth and seventh sentences in this paragraph.  In the fourth sentence of this paragraph, the plaintiffs' assertion that the referenced firearms and magazines are "constitutionally protected" is a legal opinion and conclusion of law as to which no response is required under Fed. R. Civ. P. 8(b).  Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

20.     The second sentence of this paragraph contains only legal opinions and conclusions of law as to which no response is required under Fed. R. Civ. P. 8; to the extent a response might be required, the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

21.     The first sentence of this paragraph is admitted. The second sentence of this paragraph asserts only legal opinions and conclusions as to which no response is required under Fed. R. Civ. P. 8(b); to the extent a response is required, the defendants deny that the Governor "is ultimately responsible for the enforcement of the laws of Massachusetts including the challenged prohibition."

22.     The first sentence of this paragraph is admitted. The second sentence of this paragraph asserts only legal opinions and conclusions as to which no response is required under Fed. R. Civ. P. 8(b).

23.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph asserts only legal opinions and conclusions as to which no response is required under Fed. R. Civ. P. 8(b), except that the defendants admit that the Firearms Records Bureau maintains records of certain firearms transfers in Massachusetts.

24.     The first sentence of this paragraph is admitted.  The second sentence of this paragraph asserts only legal opinions and conclusions as to which no response is required under Fed. R. Civ. P. 8(b).

25.     Admitted.

26.     This paragraph characterizes the capacity in which the Defendants are sued, but contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b).

27.     This paragraph asserts only legal opinions and conclusions as to which no response is required under Fed. R. Civ. P. 8(b).

28.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

29.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31.     The defendants deny the allegations of the first sentence of this paragraph.   The remaining allegations of this paragraph are too vague, ambiguous and general to permit the defendants to frame a response; as such, the defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34.     The allegations of this paragraph are too vague, ambiguous and general to permit the defendants to frame a response; as such, the defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

36.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions by purporting to characterize *Staples v. United States*, which speaks for itself.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  The second sentence of this paragraph asserts only legal opinions and conclusions to which no response is required under Fed. R. Civ. P. 8(b); to the extent a response may be required, the allegations are denied.

39.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

40.     The defendants admit that Massachusetts enacted a law in 1998 concerning assault weapons and large capacity feeding devices.  The remainder of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe the referenced law, which speaks for itself.

41.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

42.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe certain provisions of Mass. General Laws Chapter 140, which speak for themselves.

43.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize or describe certain provisions of

Mass. General Laws Chapter 140, which speak for themselves.  To the extent this paragraph contains allegations of fact, they are denied.

44.     The defendants admit the allegations of the first sentence of this paragraph, and admit that Massachusetts "reaffirmed the Commonwealth's prohibition in 2004." The defendants deny the remaining allegations of this paragraph.

45.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the text of the Congressional Record, which speaks for itself.

46.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), because it merely purports to characterize a portion of federal legislative history contained in the text of the Congressional Record, which speaks for itself. To the extent a response might be required, the allegations of this paragraph are denied.

47.     The allegations of this paragraph are denied.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.

48.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

49.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

50.     The allegations of this paragraph are denied.

51.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead only purports to characterize provisions of state law, which speaks for themselves.  To the extent a response might be required, the defendants deny the allegations of the second sentence of this paragraph.

52.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

53.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

54.     The first sentence of this Paragraph is admitted.  The second and third sentences of this paragraph do not require a response, as they merely purport to characterize the contents of a form available from the Firearms Records Bureau (FRB), which speaks for itself; to the extent a response is required, the defendants deny that the FRB possesses information on firearms transactions where the information was not reported or otherwise made known to FRB, and otherwise lack knowledge or information sufficient to admit or deny the allegations of the second and third sentences of this paragraph.

55.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

56.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied, except that the defendants admit that a 2016 review prompted action and issuance of the Notice of Enforcement.

57.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied. Further answering, the defendants deny that "processing" a firearms transfer application could "establish" that a firearm is legal under Massachusetts law or serve to define the scope of a statutory term.

58.     Admitted that on July 20, 2016, Attorney General Healey, in her official capacity as Attorney General, issued the Notice of Enforcement, which speaks for itself.  The remaining allegations of this paragraph are denied.

59.     Admitted that the Notice of Enforcement contains the quoted language, which speaks for itself.

60.     Admitted that the Notice of Enforcement contains the quoted language, which speaks for itself.  The remaining allegations of this paragraph are denied.

61.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

62.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead merely purports to characterize the Notice of Enforcement, which speaks for itself.

63.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead merely purports to characterize the Notice of Enforcement, which speaks for itself.

64.     Denied.

65.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead merely purports to characterize the Notice of Enforcement, which speaks for itself.

66.     The defendants deny the allegations of the first sentence of this paragraph, except that they admit that the Notice of Enforcement contains the quoted language, which speaks for itself.  The remainder of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the remaining allegations of this paragraph are denied.

67.     This paragraph asserts only legal opinions and conclusions to which no response is required under Fed. R. Civ. P. 8(b).  To the extent this paragraph contains allegations of fact, or otherwise might require a response, the allegations are denied.

68.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize the Notice of Enforcement, which speaks for itself, or asserts legal opinions and conclusions, to which no response is required.

69.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize the Notice of Enforcement, which speaks for itself, or asserts legal opinions and conclusions to which no response is required.

Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term; as such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

70.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to quote and characterize 18 U.S.C. § 922(b)(2), which speaks for itself, or asserts legal opinions and conclusions to which no response is required.  To the extent a response is required, the allegations of this paragraph are denied.

71.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

72.     Defendants incorporate by reference their answers to Paragraphs 1 through 71 of Plaintiffs' Complaint as if set forth fully herein.

73.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

74.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

75.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the effect of the state law prohibiting assault weapons.

76.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

77.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.  To the extent a response is required, the allegations of this paragraph are denied.

78.     Defendants incorporate by reference their answers to Paragraphs 1 through 77 of Plaintiffs' Complaint as if set forth fully herein.

79.     The term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.  As such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.  Further answering, the defendants deny that there was "official government approval" of the transactions referred to in this paragraph.

80.     A response is not required to the allegations in this paragraph that purport to quote and characterize the Notice of Enforcement, which speaks for itself.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term; as such the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.  Further answering, the defendants deny that the plaintiffs sold copies or duplicates of banned enumerated weapons "in good faith compliance with the existing law."

81.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b) but instead asserts legal opinions and conclusions, and purports to

characterize Art. I, §10 of the United States Constitution and associated caselaw, which speak for themselves.

82.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b) but instead asserts legal opinions and conclusions, and purports to characterize as Art. I, §10 of the United States Constitution and associated caselaw, which speak for themselves.

83.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

84.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

85.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions.

86.     Denied.

87.     Denied.

88.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize the operation or effect of the Notice of Enforcement, which speaks for itself. Further answering, the allegations of this paragraph are denied as the Notice of Enforcement makes no reference to "Massachusetts Compliant Firearms."

89.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead purports to characterize the Notice of Enforcement, which speaks for itself.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term.

90.     The defendants admit that the Attorney General filed the cited memorandum in the *Pullman Arms* case, but deny the allegations contained in this paragraph because the memorandum makes no reference to "Massachusetts Compliant Firearms."

91.     Denied.

92.     The first sentence of this paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the operation or effect of 18 U.S.C. § 922(b)(2), which speaks for itself.  The allegations of the second sentence of this paragraph are denied.

93.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead merely makes a hypothetical statement about an alleged future possibility.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term; as such the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

94.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions, or purports to characterize the Notice of Enforcement which speaks for itself.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and is otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term; as such, the defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, which are therefore denied.

95.     The allegations of this paragraph are too vague and ambiguous to permit the defendants to frame a response; as such, the defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, which are therefore denied.

96.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the Notice of Enforcement or purports to characterize the Notice of Enforcement, which speaks for itself.  To the extent a response is required, the allegations of this paragraph are denied.

97.     Defendants incorporate by reference their answers to Paragraphs 1 through 96 of Plaintiffs' Complaint as if set forth fully herein.

98.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions, or purports to characterize a provision of state law which speaks for itself.

99.     This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions, or purports to characterize a provision of law which speaks for itself.

100.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions, or purports to characterize a provision of law which speaks for itself.  To the extent a response is required, the allegations of this paragraph are denied.

101.    The defendants deny that they engaged in actions "approving the sale and transfer" of firearms.  Further answering, the term "Massachusetts Compliant Firearms" is undefined by the Plaintiffs, and otherwise too vague and ambiguous to permit the defendants to frame a response to allegations that include the term; as such the allegation of this paragraph are denied.

16

102.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the Notice of Enforcement or purports to characterize the Notice of Enforcement which speaks for itself.  To the extent a response is required, the allegations of this paragraph are denied.

103.    Denied.

104.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions as to the Notice of Enforcement or purports to characterize the Notice of Enforcement, which speaks for itself.  To the extent a response is required, the allegations of this paragraph are denied.

105.    This paragraph contains no allegations of fact to which a response is required under Fed. R. Civ. P. 8(b), but instead asserts only legal opinions and conclusions or purports to characterize the Notice of Enforcement which speaks for itself. To the extent a response is required, the allegations of this paragraph are denied.

106.    Denied.

107.    Denied.

## Second Defense.

The Commonwealth's sovereign immunity and Eleventh Amendment immunity bar Plaintiffs from seeking or obtaining relief against the defendants and, in particular, bar relief that involves the declaration or enforcement of state law against the defendant state officials.

## Third Defense.

Plaintiffs have not alleged injury-in-fact and so lack standing to prosecute this case.  This Court therefore lacks jurisdiction over the subject matter of this action under Article III.

### Fourth Defense.

Plaintiffs' claims are not ripe and this Court therefore lacks jurisdiction over the subject matter of this action

### Fifth Defense.

Plaintiffs have failed to state a claim upon which relief can be granted.

### Additional Defenses.

Defendants reserve the right to raise any and all defenses that may become apparent or available during the course of the proceedings in this case.

WHEREFORE, the defendants request that this Court: (1) dismiss the Complaint, deny plaintiffs' Prayers for Relief with prejudice, and enter judgment for the defendants; and (2) order such other relief as is just and proper.

CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; COLONEL RICHARD D. McKEON, in his official capacity as Superintendent of the Massachusetts State Police; and MASSACHUSETTS STATE POLICE,

By their attorneys,

/s/ William W. Porter
William W. Porter (BBO No. 542207)
Gary Klein (BBO No. 560769)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 963-2976 (Porter)
(617) 963-2567 (Klein)

bill.porter@state.ma.us
gary.klein@state.ma.us

March 16, 2017

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF, system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants by first-class mail on March 16, 2017.

/s/ William W. Porter
William W. Porter