## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID SETH WORMAN, et al.,          )
                                )
                                )
    Plaintiffs,      )   Case No.: 1:17-CV-10107
                                )
v.                                  )
                                )
CHARLES D. BAKER, et al.,           )
                                )
                                )
    Defendants.      )

### LOCAL RULE 16.1(D) JOINT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(D), counsel for the parties have conferred and now hereby provide the following joint statement to the Court in anticipation of the Scheduling Hearing set for April 13, 2017 at 2:00 p.m.

**I.      PROPOSED AGENDA FOR SCHEDULING CONFERENCE**

The parties propose the following agenda for the scheduling conference:

1.      Defendants' Notice of Related Case (*Pullman Arms, et al. v. Healey*, no. 4:16-cv-40136-TJH), and Plaintiffs' response thereto;

2.      The timing and quantity of discovery; and

3.      The parties' proposed motions schedule.

**II.     PROPOSED SCHEDULE AND DISCOVERY LIMITATIONS**

**Proposed Schedule**

This case was filed on January 23, 2017, and the answer was filed on March 16, 2017. Counsel have met and conferred and hereby jointly propose the following schedule:

1.      Initial disclosures made on or before <u>May 4, 2017</u>;

2.      Motions to add parties, amend pleadings, seek dismissal of parties for misjoinder or other reasons, or to transfer or consolidate related cases, filed on or before July 15, 2017;

3.      Fact discovery completed on or before September 15, 2017;

4.      Parties' expert disclosures on or before September 15, 2017;

5.      Expert discovery completed on or before November 15, 2017;

6.      Dispositive motions under Rules 12(c) and/or 56 filed by December 15, 2017;

7.      Oppositions to dispositive motions due 30 days after service of dispositive motion;

8.      Replies to oppositions to dispositive motions due 14 days after service of opposition;

9.      Hearing on dispositive motions after February 1, 2018;

10.     Case management and pretrial hearings on dates to be determined by the Court; and

11.     Trial date on or around May 1, 2018.

**Parties' Positions on Discovery Limitations**

**Plaintiffs' position.** This case involves three distinct constitutional challenges to a ban on popular firearms and standard magazines enforced by multiple Massachusetts government agencies. The lengthy enforcement history of the ban, the 2016 Notice of Enforcement radically changing the scope of the ban, and the Defendants' shifting explanations of the Notice suggest the standard discovery limits will not suffice. Plaintiffs require fact discovery to illuminate Defendants' motives, and changing interpretations, as well as to challenge the factual foundation and fit of Defendants' expert evidence. Plaintiffs propose serving each Defendant 10 interrogatories, 10 requests for admissions, and 2 sets of requests for the production of documents. Plaintiffs propose deposing each of the Defendants or a representative of their respective agency,

individuals responding to questions regarding the scope or applicability of the ban or Notice of Enforcement, and the fact or expert witnesses identified by Defendants.

**Defendants' position.** Defendants believe that the limitations in Local Rule 26.1(c) are more than adequate. This case is a facial constitutional challenge to a statute; it raises primarily questions of law, not adjudicative fact. As such, it will not require extensive discovery.

## III.    SETTLEMENT

This case involves constitutional challenges to portions of the Massachusetts General laws. Because of the nature of the challenges and the relief sought, settlement is not a viable option.

## IV.    MAGISTRATE JUDGE

The parties do not consent to trial by a magistrate judge at this time.

## V.    CERTIFICATIONS

The parties' Local Rule 16.1(D)(3) certifications are submitted with this filing.

Respectfully submitted,

James M. Campbell (BBO#541882)
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
(617) 241-3000
jmcambpell@campbell-trial-lawyers.com

/s/ John Parker Sweeney
John Parker Sweeney (Admitted *Pro Hac Vice*)
T. Sky Woodward (Admitted *Pro Hac Vice*)
James W. Porter, III (Admitted *Pro Hac Vice*)
Marc A. Nardone (Admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
JSweeney@bradley.com

*Counsel for Plaintiffs*

/s/ William W. Porter
William W. Porter (BBO No. 542207)
Gary Klein (BBO No. 560769)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
(617) 963-2976 (Porter)
(617) 963-2567 (Klein)
bill.porter@state.ma.us
gary.klein@state.ma.us

*Counsel for Defendants*

April 6, 2017