UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SETH WORMAN, ANTHONY LINDEN, JASON WILLIAM SAWYER, PAUL NELSON CHAMBERLAIN, GUN OWNERS' ACTION LEAGUE, INC., ON TARGET TRAINING, INC., AND OVERWATCH OUTPOST,<br><br>  Plaintiffs,<br><br>  v.<br><br>MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; and COLONEL RICHARD D. McKEON, in his official capacity as Superintendent of the Massachusetts State Police,<br><br>  Defendants. | CIVIL ACTION<br>NO. 17-10107-WGY |

### DEFENDANTS' MOTION TO ENLARGE
### PERIOD FOR PRODUCTION OF DOCUMENTS BY THREE WEEKS

Defendants Maura Healey, in her official capacity as Attorney General of the Commonwealth of Massachusetts; Daniel Bennett, in his official capacity as Secretary of the Executive Office of Public Safety and Security; and Colonel Richard D. McKeon, in his official capacity as Superintendent of the Massachusetts State Police hereby move to enlarge by 21 days the time within which they may complete document production, from September 15, 2017 to October 6, 2017.  The allowance of this motion will not affect either of the two key deadlines in this case: the deadline for dispositive motions on December 15, 2017 or the trial scheduled for May 2018.

As further grounds, the Defendants state:

1.	On April 7, 2017, this Court entered an Order approving in large part the discovery and motion schedule proposed by the parties in their Joint Rule 16 Statement. *See* Doc. No. 30. Pursuant to that Order, the deadline for the parties to complete fact discovery is today, Friday, September 15, 2017.

2.	The Defendants have been working diligently to complete their production obligations in connection with fact discovery. The Defendants have produced more than 21,000 pages of documents in response to Plaintiffs' Requests for the Production of Documents and have produced six witnesses for deposition, including a deposition of each Defendant pursuant to Fed. R. Civ. P. 30(b)(6). At the same time, the Defendants have been working with multiple experts to prepare disclosures, reviewing documents for privilege, preparing and serving interrogatory responses, reviewing documents produced by Plaintiffs, and have taken the deposition of each Plaintiff.

3.	Throughout the process, the Defendants have, in good faith, informed the Plaintiffs of their progress in collecting, reviewing, marking documents for privilege, and in preparing documents for production.  They have participated in numerous conference calls in which the parties attempted to prioritize production of the documents that Plaintiffs considered most relevant and in which search terms and other mechanisms were developed by agreement of the parties to govern collection of electronically stored information. At each juncture, the Defendants informed Plaintiffs of the factors complicating their production described below.

4.	Although the Court's scheduling order was entered on April 7, 2017, the Plaintiffs did not begin to serve discovery requests until June 16, 2017, thus limiting the time between service of discovery and the close of the discovery period to three months.  The Plaintiffs served three state agencies with discovery requests for a period extending back, in some cases, nearly

twenty years. None of Plaintiffs' requests are easily answered by information compiled in a database by the Commonwealth.

5. Commencing almost immediately, the Defendants began to collect documents for review and production. The review process was complicated because Plaintiffs sought many documents related to ongoing government investigations of gun sales practices or violations of various gun laws including, but not limited to, investigations of whether gun sellers are or have been selling weapons in violation of the state ban on assault weapons.

6. As Defendants have informed Plaintiffs on numerous occasions, including in their served Response to the Plaintiffs' Requests for Production, Plaintiffs have requested documents that are potentially covered by a broad array of overlapping privileges as well as by the work product doctrine. The privileges at issue include:

    a. Attorney client privilege for thousands of documents that were prepared by or under the direction of Assistant Attorneys General in the Attorney General's Office, or for General Counsel at one of the Defendant state agencies;

    b. The statutory privilege associated with criminal investigatory materials covering documents one or more of the parties is legally precluded from making public under Mass. R. Crim. P. 5 and which, if disclosed, could obstruct or impede ongoing criminal investigations;

    c. The privilege governing Criminal Record Offender Information under M.G.L. c. 6, § 178;

    d. The privilege protecting records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns, and ammunition pursuant to M.G.L. c. 66, § 10(d);

      e.   The common law privileges protecting law enforcement investigative information and techniques, *see, e.g.*, *Puerto Rico v. United States*, 490 F.3d 50, 62–64 (1st Cir. 2007);

      f.   The common law privilege protecting communications made to a law enforcement agency to secure the enforcement of law, *see e.g.*, *District Attorney v. Flatley*, 419 Mass. 507, 510 (1995); and

      g.   The deliberative process privilege, which protects information that "'reflects advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated,'" *see Dept. of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001).

7.    Significant categories of requested documents are also protected as work product insofar as they were created in a government law office (the Attorney General's Office) or in a state agency in anticipation of litigation like the instant case.

8.    The Defendants have also objected on the basis of burdensomeness and relevance because the Plaintiffs have requested documents from nearly a twenty-year period even though—as a facial challenge to a state statute—this case is one in which the record submitted for decision is likely to consist of expert opinion, publicly available documents, articles, books, and treatises that provide legislative facts. *See Massachusetts v. U.S. Dep't of Health & Human Servs.*, 682 F.3d 1, 7 (1st Cir. 2012) (legislative facts, which "bea[r] upon the rationality or adequacy of distinctions drawn by statutes" are "normally noticed by courts with the assistance of briefs, records and common knowledge"); *Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) ("'legislative facts,' which go to the justification for a statute, usually are not proved through trial evidence but rather by material set forth in the

briefs"). Few, if any, questions of adjudicative fact are relevant to the constitutional issues that are at the heart of this case.

9. Despite these privileges and objections, Plaintiffs have spent significant administrative, paralegal, and attorney hours to gather, review, and redact documents, and have already made four productions covering over 21,000 pages of responsive documents.

10. At this time, Defendants have not completed production, despite diligence, primarily because they have yet to complete review of tens of thousands of emails (identified in an electronic search using common terms such as "Assault Weapon" and "AR 15"), which may or may not be responsive. This review also involves a painstaking process of evaluating each email for the privileges and work product protection described above. Those documents, to the extent they are responsive and not privileged or work product, will also be produced if the proposed extension is granted.

11. Defendants have already notified Plaintiffs in meet-and-confer conferences that a significant majority of the documents and emails collected for review are covered by one or more of the privileges referenced above or are work product. Defendants intend to continue to communicate with plaintiffs about the most efficient way to provide further information on claims of privilege that will likely cover large categories of e-mails and other documents.

12. The Defendants therefore request that the Court grant them 21 additional days to complete document production in this matter.

13. Extending the discovery deadline by 21 days to allow Defendants to complete production of documents will not prejudice any party in this case. Defendants are willing to allow Plaintiffs a reasonable time to supplement their expert reports in light of any documents that are produced after their expert disclosures are made. In addition, any documents produced

before October 6, 2017, will be available to the Plaintiffs well before their summary judgment deadline and, if necessary, for trial.

14. Furthermore, extending the discovery period by 21 days will not delay the briefing schedule ordered by this Court for the parties' dispositive motions under Rule 12(c) and/or Rule 56. Nor will it delay the trial date of May 1, 2018 ordered by this Court.

15. This motion represents the second request by any party to alter the discovery schedule in this case.

WHEREFORE, the Defendants respectfully request that this Court enter an Order extending the period within which the Defendants may produce documents and/or electronically stored information through and including October 6, 2017.

Respectfully submitted,

MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as Secretary of the Executive Office of Public Safety and Security; and COLONEL RICHARD D. MCKEON, in his official capacity as Superintendent of the Massachusetts State Police,

By their attorney,

MAURA HEALEY
ATTORNEY GENERAL

/s/ William W. Porter
William W. Porter, BBO # 542207
Julia E. Kobick, BBO # 680194
Gary Klein, BBO # 560769
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 963-2559
julia.kobick@state.ma.us

Date:  September 15, 2017

6

## CERTIFICATE OF SERVICE

I certify that this document, filed through the Court's ECF, system will be sent electronically to registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants by first-class mail on September 15, 2017.

/s/ Julia E. Kobick
Julia E. Kobick
Assistant Attorney General

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, on September 15, 2017, I conferred with John Parker Sweeney and James W. Porter, III, counsel for the plaintiffs, and the plaintiffs oppose the relief requested in this motion.

/s/ Gary Klein
Gary Klein
Assistant Attorney General