## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

DAVID SETH WORMAN, et al.,     )
                                )
                                )
     Plaintiffs,            )
                                )
     v.                  )   Case No.: 1:17-CV-10107-WGY
                                )
MAURA HEALEY, et al.,       )
                                )
                                )
     Defendants.         )

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE PERIOD FOR PRODUCTION OF DOCUMENTS BY THREE WEEKS

To date, Defendants have produced virtually none of their responsive, non-privileged internal documents. Obviously, a party could never be relieved of its outstanding obligations simply because it delayed production until the close of the fact discovery period. Plaintiffs do not oppose Defendants meeting their overdue discovery obligations. To the extent, however, that Defendants are moving to amend this Court's April 7, 2017 Scheduling Order ("Scheduling Order"), their Motion should be denied.

Defendants' "Motion to Enlarge Period for Production of Documents by Three Weeks" is nothing other than a motion to amend this Court's Scheduling Order, and should be denied because Defendants failed to demonstrate good cause necessary to do so. Their lack of due diligence during the discovery process—not a voluminous document production or an unforeseeable circumstance—caused them to miss the September 15 Fact Discovery Deadline.

Defendants' offer to continue to produce admittedly responsive documents by October 6 only "if the proposed extension is granted" (Mot. ¶ 10) further exemplifies their carelessness and

lack of regard for this Court's Scheduling Order, the Federal Rules of Civil Procedure, and this Court's Local Rules, as well as Plaintiffs' discovery rights in this case. In effect, what Defendants are saying is, "we will withhold all responsive internal documents, with or without claim of privilege, unless the Court relieves us of any adverse consequences from our failure to meet the September 15 Fact Discovery Deadline." Defendants' failure to meet the September 15 Fact Discovery Deadline does not relieve them of their duty to produce all responsive, non-privileged documents and identify in a privilege log all documents withheld.

Plaintiffs proceeded with due diligence and in good faith to comply with this Court's Scheduling Order by timely responding to requests to produce documents and providing depositions. (Sweeney Decl. ¶ 4, attached hereto as <u>Exhibit A</u>). Defendants have not objected to the completeness or timeliness of Plaintiffs' discovery responses. (*Id.*).

Meanwhile, Plaintiffs also proceeded with due diligence and in good faith to comply with this Court's Scheduling Order by serving, negotiating, and compromising discovery requests within the limits set by this Court, taking depositions of Defendants' proffered agency representatives and fact witnesses identified by Defendants, and submitting Plaintiffs' expert reports by this Court's September 15 Deadline. Plaintiffs met their obligations under the Scheduling Order without the benefit of Defendants' internal documents that still have not been produced. If granted, Defendants' Motion will both delay the progress and resolution of this case and prejudice Plaintiffs, punishing them for their diligence and good faith.

Plaintiffs respectfully request that the Court deny Defendants' Motion and order Defendants to satisfy their document production responsibilities by October 6, 2017, producing all responsive, non-privileged documents along with a log of all documents withheld on privilege grounds. As the need may arise in the future, and as fairness dictates, Plaintiffs may seek relief

from the Court to bar Defendants from either relying upon any documents they produce after this Court's September 15 Fact Discovery Deadline or contradicting or supplementing their or their respective agency representative's Rule 30(b)(6) deposition testimony and interrogatory responses.

## ARGUMENT

Defendants failed to demonstrate the good cause required under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.1(b)(1)(g) to amend this Court's Scheduling Order. Local Rule 16.1(g) states that a scheduling order may be modified "only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record." Defendants' Motion is devoid of any of these requisite evidentiary proofs and should be denied for this reason alone.

Moreover, the "good cause" standard "emphasizes the diligence of the party seeking the amendment," *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004), and that party's justification for the delay, *Peresypa v. Jiminy Peak Mountain Resort, Inc.*, 653 F. Supp. 2d 131, 135 (D. Mass. 2009). A lack of diligence "seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell*, 357 F.3d at 155. Good cause cannot be shown when the moving party acts with "carelessness," when the deadline "could reasonably have been met," or when additional discovery will delay the case's progress. *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir. 1998) ("Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.") (quotation omitted).

All three considerations militating against amendment of the Scheduling Order are present here. Defendants' carelessness caused them to miss the September 15 Fact Discovery Deadline. Moreover, Defendants have failed to demonstrate that the Fact Discovery Deadline could not

reasonably have been met. They waited until early August—after their discovery responses were overdue—to begin even searching for responsive documents. (Sweeney Decl. ¶ 6). Then, after their search (based largely on search terms they proposed (*id.*) turned up "tens of thousands of emails" (Mot. ¶ 10), Defendants did not promptly review these emails, but instead blithely cloaked them *all* in "a broad array of overlapping privileges" and work product, while refusing to produce a privilege log. (Mot. ¶¶ 6–7). After numerous meet-and-confer conferences where Plaintiffs' counsel urged and attempted to facilitate discovery compliance, suggesting narrowing of search requests and providing summary documents in lieu of underlying documents, Defendants have produced a mere 454 documents. (Sweeney Decl. ¶ 6). None of these documents are internal communications and most of them are publicly available. (*Id.*). Now Defendants seek to enlarge their time to produce the internal emails that should have been produced long ago. Defendants knew (or should have known) for some time now that they would need more time to review these documents. Their eleventh hour request to amend the Scheduling Order, devoid of the required evidentiary showing of good cause, exemplifies their carelessness throughout the discovery period.

Although Defendants state in the Motion that they are reviewing each document for privilege, Defendants have previously asserted that all internal documents are privileged and that a document-by-document review would be too burdensome. (*Id.* ¶ 7). Defendants promised a "rolling production," assuring Plaintiffs even as late as the week of September 11, 2017, that they would conclude production within the September 15 Fact Discovery Deadline. (*Id.* ¶ 8). Defendants failed to meet the deadline with respect to almost all their internal, responsive documents, but never moved for a protective order; rather they took it upon themselves to wait until the deadline was upon them to seek relief.

Defendants' claim that they "spent significant . . . hours gather[ing], review[ing] and redact[ing] documents" (Mot. at ¶¶ 5 & 9–10) is belied by the fact that only 116 documents have any sort of redaction, many of which redactions appear to have been made previously in response to various Freedom of Information Act requests that occurred before Plaintiffs filed suit. (Sweeney Decl. ¶ 9). Defendants' failure to produce even a partial privilege log to date evidences their failure to timely review responsive documents. (*Id.*). Plaintiffs' counsel has reminded the Defendants of their obligation to provide a privilege log on no less than five occasions. (*Id.* ¶ 10). Defendants offered to show a representative sample of allegedly-privileged documents to Plaintiffs to demonstrate their good faith, but even these exemplar documents were never produced. (*Id.* ¶ 11).

This failure not only highlights Defendants' lack of diligence but flies in the face of their obligations under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure (requiring a party asserting a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim"), Local Rule 34.1(e) ("When a claim of privilege is asserted in objection to any document request, or any subpart thereof, and any document is not provided on the basis of that assertion, the attorney asserting the privilege shall identify in the objection the nature of the privilege that is being claimed *with respect to each such document*") (emphasis added), and *In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001) (stating that "[a] party that fails to submit a privilege log is deemed to waive the underlying privilege claim."). Neither this Court nor the Plaintiffs have any way to test Defendants' privilege assertions or to know what Defendants have withheld based on their conclusory say so that one or more privileges may apply to each document withheld.

Defendants also offer as "good cause" for why they failed to produce documents by the September 15 Fact Discovery Deadline that they were "working with multiple experts to prepare disclosures, reviewing documents for privilege, preparing and serving interrogatory responses, reviewing documents produced by Plaintiffs, and [taking depositions]." (Mot. ¶ 2). But Defendants' team of lawyers surely can multitask. As proof that the September 15 Fact Discovery Deadline "could reasonably have been met by a party exercising due diligence," Plaintiffs satisfactorily met their document production obligations, without objection from the Defendants, while also accomplishing these same tasks. (Sweeney Decl. ¶ 12). Plaintiffs prepared and produced all six plaintiffs for depositions, and produced over 1,800 pages of requested documents (a complete production), reviewed Defendants' documents, prepared for and deposed Defendants' six proffered witnesses, and worked to brief Plaintiffs' six experts on the facts of the case so they could prepare timely reports. (*Id.*). If Defendants' Motion is granted, Defendants' carelessness will be excused and Plaintiffs' diligence punished.

Plaintiffs made every effort to facilitate a timely and adequate production from Defendants by, for example, agreeing—and even suggesting—that summary-level documents would suffice in lieu of tens of thousands of documents. (*Id.* ¶ 13). Plaintiffs also agreed to extend the initial document production due date. (*Id.* ¶). Plaintiffs even agreed to reduce the number of depositions Defendants must defend by deposing only Defendants' agencies' 30(b)(6) designees in lieu of the Defendants themselves. (*Id.*).

This Court "has the right—indeed, the duty—to ensure that . . . litigation proceeds in an orderly manner. Holding parties to the strictures of a scheduling order helps to achieve this goal." *Genereux v. Raytheon Co.*, 754 F.3d 51, 60 (1st Cir. 2014). This Court's Scheduling Order— agreed to by both parties (*see* Dkt. 27 & 30)—has no room for discovery delays. Trial is set in for

May 2018, and dispositive motions must be filed by December 15, 2017, and heard by February 2018 (Dkt. 32). If the discovery deadline is postponed, further modifications to the Scheduling Order are inevitable, including delayed dispositive motions and a later trial date. Defendants' lack of due diligence does not justify amending the Scheduling Order and delaying trial, or unfairly truncating the time agreed and ordered for Plaintiffs to conduct discovery, fully brief their experts on the facts of the case, and prepare dispositive motions briefs.

Defendants' failure to abide by the September 15 Fact Discovery Deadline should not excuse their obligation to respond completely to Plaintiffs' discovery requests, nor should it allow them to take unfair advantage of Plaintiffs who proceeded in good faith compliance with the Scheduling Order to take depositions of Defendants' proffered witnesses and prepare their expert reports, all without the benefit of Defendants' internal documents. Without knowing what documents have been wrongfully withheld, Plaintiffs cannot now request suitable relief from the Court. Defendants' failure to meet their discovery obligations should preclude them from relying upon any late produced documents or contradicting or expanding upon their interrogatory responses and witnesses' testimony. Plaintiffs will seek appropriate relief from this Court should Defendants unfairly do so to Plaintiffs' prejudice.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny Defendants' Motion and order Defendants to satisfy their document production responsibilities by October 6, 2017, producing all responsive, non-privileged documents along with a log of all documents withheld on privilege grounds.

Respectfully submitted,

James M. Campbell (BBO#541882)
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
(617) 241-3000
jmcambpell@campbell-trial-lawyers.com

/s/ John Parker Sweeney
John Parker Sweeney
(admitted *Pro Hac Vice*)
T. Sky Woodward
(admitted *Pro Hac Vice*)
James W. Porter, III
(admitted *Pro Hac Vice*)
Marc A. Nardone
(admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
JSweeney@bradley.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this the 29th day of September, 2017, that Plaintiffs'

Response in Opposition to Defendants' Motion to Enlarge Period for Production of Documents by

Three Weeks was served, via electronic delivery to Defendants' counsel via CM/ECF system

which will forward copies to Counsel of Record.

/s/ John Parker Sweeney
John Parker Sweeney

Plaintiffs David Seth Worman, Anthony Linden, Jason William Sawyer, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost