IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SETH WORMAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No.: 1:17-CV-10107-WGY |
| MAURA HEALEY, et al., | ) |
| Defendants. | ) |

**DECLARATION OF JOHN PARKER SWEENEY IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE PERIOD FOR PRODUCTION OF DOCUMENTS BY THREE WEEKS**

I, John Parker Sweeney, make this declaration in support of Plaintiffs' Response in Opposition to Defendants' Motion for Extension of Time and do hereby declare under penalty for perjury as follows:

1. I am an attorney with the law firm of Bradley Arant Boult Cummings LLP, 1615 L Street, N.W., Suite 1350, Washington, DC 20036. My telephone number is (202) 719-8216 and my e-mail address is jsweeney@bradley.com.

2. I am lead counsel for Plaintiffs in this matter and am familiar with this case's history, including events relating to discovery.

3. To date, Defendants have produced virtually none of their responsive, non-privileged internal documents.

4. Plaintiffs proceeded with due diligence and in good faith to comply with this Court's Scheduling Order by timely responding to requests to produce documents and providing



depositions. Defendants have not objected to the completeness or timeliness of Plaintiffs' discovery responses.

5. Plaintiffs also proceeded with due diligence and in good faith to comply with this Court's Scheduling Order by serving, negotiating, and compromising discovery requests within the limits set by this Court, taking depositions of Defendants' proffered agency representatives and fact witnesses identified by Defendants, and submitting Plaintiffs' expert reports by this Court's September 15 Deadline. Plaintiffs met their obligations under the Scheduling Order without the benefit of Defendants' internal documents that still have not been produced. If granted, Defendants' Motion will both delay the progress and resolution of this case and prejudice Plaintiffs.

6. Defendants have failed to demonstrate that the Fact Discovery Deadline could not reasonably have been met. They waited until early August—after their discovery responses were overdue—to begin even searching for responsive electronic documents. (*see* July 12, 2017 email from J. Kobick to J. Sweeney et al., attached hereto as Ex. 1; Aug. 2 email from G. Klein to J. Sweeney et al, attached hereto as Ex. 2); Aug. 3 email from J. Sweeney to G. Klein et al., attached hereto as Ex. 3; Aug. 8 email from J. Porter to J. Kobick, et al., attached hereto as Ex. 4. Then, after their search using their own search terms (Ex. 1; July 31 email from J. Kobick to J. Sweeney et al., attached hereto as Ex. 5) turned up at least tens of thousands of emails. After numerous meet-and-confer conferences where Plaintiffs' counsel urged and attempted to facilitate discovery compliance, suggesting narrowing of search requests and providing summary documents in lieu of underlying documents (Ex. 1; Ex. 4), Defendants have produced a mere 454 documents. None of these documents are internal communications and most of them are publicly available.

7.   Although Defendants state in the Motion that they are reviewing each document for privilege, Defendants have previously asserted that all internal documents are privileged and that a document-by-document review would be too burdensome. (*E.g.*, Sept. 5 email from J. Sweeney to B. Porter et al., attached hereto as Ex. 6).

8.   Defendants promised a "rolling production," assuring Plaintiffs even as late as the week of September 11 that they would conclude production within the September 15 Fact Discovery Deadline. (Ex. 2; Sept. 11 email from B. Porter to J. Sweeney et al., attached hereto as Ex. 7). Defendants failed to meet the deadline with respect to almost all their internal, responsive documents, but never moved for a protective order.

9.   Of the documents Defendants have produced, only 116 documents have any sort of redaction, many of which redactions appear to have been made previously in response to various Freedom of Information Act requests that occurred before Plaintiffs filed suit. Defendants have failed to produce even a partial privilege log.

10.  Plaintiffs' counsel has reminded the Defendants of their obligation to provide a privilege log on no less than five occasions. (Ex. 3; Ex. 4; *see* Aug. 25 email from B. Porter to J. Sweeney et al., attached hereto as Ex. 8; Ex. 6; Sept. 15 email from J. Sweeney to B. Porter et al., attached hereto as Ex. 9).

11.  Defendants offered to show a representative sample of allegedly-privileged documents to Plaintiffs to demonstrate their good faith, but even these exemplar documents were never produced. (Ex. 6 ).

12.  Plaintiffs satisfactorily met their document production obligations, without objection from the Defendants, while also accomplishing these same tasks. Plaintiffs prepared and produced all six plaintiffs for depositions, and produced over 1,800 pages of requested documents

(a complete production), reviewed Defendants' documents, prepared for and deposed Defendants' six proffered witnesses, and worked to brief Plaintiffs' six experts on the facts of the case so they could prepare timely reports.

13.   Plaintiffs made every effort to facilitate a timely and adequate production from Defendants by, for example, agreeing—and even suggesting—that summary-level documents would suffice in lieu of tens of thousands of documents. (Ex. 4). Plaintiffs also agreed to extend the initial document production due date. (Ex. 1). Plaintiffs even agreed to reduce the number of depositions Defendants must defend by deposing only Defendants' agencies' 30(b)(6) designees in lieu of the Defendants themselves. (Ex. 4).

I declare under penalty for perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: September 29, 2017.

/s/ John Parker Sweeney
John Parker Sweeney