# Nelson, Maura

| | |
|---|---|
| **From:** | Sweeney, John P. |
| **Sent:** | Thursday, September 28, 2017 2:30 PM |
| **To:** | Blair, Connor |
| **Subject:** | FW: Draft protective order and list of search terms for Worman v. Baker |
| **Attachments:** | Worman - Draft Confidentiality Order - 7.31.17.pdf; Search Terms.docx |

**John Parker Sweeney**
Partner | Bradley
jsweeney@bradley.com
202.719.8216


**From:** Kobick, Julia (AGO) [mailto:Julia.Kobick@MassMail.State.MA.US]
**Sent:** Monday, July 31, 2017 2:20 PM
**To:** Sweeney, John P. <JSweeney@bradley.com>; Campbell, Richard P. <rpcampbell@Campbell-trial-lawyers.com>; Campbell, James M. <jmcampbell@Campbell-trial-lawyers.com>; Nardone, Marc <mnardone@bradley.com>; Woodward, Sky <SWoodward@bradley.com>
**Cc:** Klein, Gary (AGO) <gary.klein@state.ma.us>; Porter, Bill (AGO) <bill.porter@state.ma.us>; Krockmalnic, Dan (AGO) <dan.krockmalnic@state.ma.us>; Kaplan, Elizabeth (AGO) <elizabeth.kaplan@state.ma.us>
**Subject:** Draft protective order and list of search terms for Worman v. Baker

**[External Email]**

Good afternoon, everyone,

I'm attaching a draft of a protective order and a list of search terms that we propose using to identify documents responsive to your document requests. Could we schedule a conference call to discuss these drafts? Tomorrow, we are available anytime between 10am and 3pm.

Many thanks,
Julie

Julie Kobick
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, Massachusetts 02108
(617) 963-2559 (direct)
(617) 727-5785 (fax)
julia.kobick@state.ma.us

1

**EXHIBIT 5**

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID SETH WORMAN, ANTHONY LINDEN,
JASON WILLIAM SAWYER, NICHOLAS ANDREW
FELD, PAUL NELSON CHAMBERLAIN, GUN
OWNERS' ACTION LEAGUE, INC., ON TARGET
TRAINING, INC., AND OVERWATCH OUTPOST,

Plaintiffs,

v.

CHARLES D. BAKER, in his official capacity as
Governor of the Commonwealth of Massachusetts;
MAURA HEALEY, in her official capacity as Attorney
General of the Commonwealth of Massachusetts;
DANIEL BENNETT, in his official capacity as the
Secretary of the Executive Office of Public Safety and
Security; COLONEL RICHARD D. McKEON, in his
official capacity as Superintendent of the Massachusetts
State Police; and MASSACHUSETTS STATE POLICE,

Defendants.

CIVIL ACTION
NO. 17-10107-WGY

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, the parties acknowledge that discovery in the above captioned action ("the Action") may involve the production of confidential, private, and/or highly-sensitive documents and information of a non-public nature for which special protection from public disclosure and from use for any purpose other than conducting the Action may be warranted;

WHEREAS, the parties also acknowledge that all documents and information produced during discovery in the Action will be used only in connection with the Action;

WHEREAS, the Parties mutually wish to facilitate the production of documents and information without motion practice, and to provide an agreed-to framework for handling disputes concerning the claimed confidentiality of otherwise discoverable information that may arise in the

1

Litigation;

WHEREAS, nothing in this stipulation or in any order entered in light of the parties' agreement hereto is intended to supplant, substitute for, or alter any party's right to assert that any document or information is protected from disclosure in the Action by the attorney-client privilege, the work product doctrine, the common interest privilege, and/or any other applicable law, rule, regulation, or privilege;

THEREFORE, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

1. All "Confidential Materials," as defined herein, produced by a party in the Action shall be protected by the terms of this Agreement.

2. "Confidential Materials" means documents, materials, testimony, interrogatory responses, admissions, denials and/or other information that a producing party designates as Confidential and produces during discovery based on a reasonable and good faith belief that the document, material or information contains:

   a) non-public personal information;

   b) information as to which disclosure is protected by law, regulation, or court order;

   c) other highly-sensitive information of a non-public nature including information that any party reasonably believes would endanger a person or members of the public if released; and/or

   d) information entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. The designation of confidential information shall be made by placing or affixing on the materials to be treated as confidential, in a manner which does not interfere with its

2

legibility, the word "Confidential." To the extent that only a portion of any document or other material is confidential under this Agreement, the designation shall be limited, to the extent practicable, only to the confidential portion. In the case of deposition testimony, a designation of confidentiality shall be made by written notice to all parties within ten days of receipt of the deposition transcript designating pages and line numbers to be designated as confidential, which written notice shall be deemed to be part of the transcript. During the ten day period following receipt of any deposition transcript in connection with the Action, the entire transcript will be treated as Confidential pursuant to this Agreement.

4. The Confidential Materials may only be disclosed or made available by the receiving party to "Qualified Persons," who are defined to consist of:

    a) The Court and its support personnel (in the manner provided by paragraph 8 hereof);

    b) Counsel for a party and such counsel's agents, including clerical, secretarial, paralegal staff, investigators, and outside service providers (including copy services, litigation consultants and their staff, document management services, and graphics services);

    c) Court reporters engaged for the purposes of depositions or other proceedings and then, only for the purpose of the deposition or proceeding for which the engagement is made;

    d) Experts and their staff who are assisting in the prosecution or defense of the Action;

    e) Any person who counsel in good faith believes will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness");

    f) Any third-party mediator, settlement judge, or arbitrator selected by the parties or assigned by the Court;

g) The Plaintiffs and the Defendants, but limited to the officers of corporate entities; and

h) Any other person to whom the producing party agrees to in writing.

5. The party in receipt of Confidential Materials must, prior to sharing Confidential Materials with persons specified in paragraphs 4(d), 4(e), 4(f), and 4(g), record (1) the document(s) shared, (2) the identity of the person(s) with whom Confidential Materials were shared, (3) the date(s) on which Confidential Materials were shared, and (4) the agreement in writing of the party with whom the documents were shared to maintain the confidentiality of the documents consistent with this Agreement. The party in receipt of Confidential Materials must advise all persons identified in Paragraph 4 (other than those identified under Paragraph 4(a)) that Confidential Materials are governed by this Agreement and must provide a copy of this Agreement, that such materials may not be used for any purpose other than preparing for or conducting this Action, and that such materials are not to be disclosed or disseminated other than in the manner permitted by this Agreement.

6. Nothing contained herein shall prevent any party from disclosing its own Confidential Materials as it deems appropriate, but any disclosure by a party of its own Confidential Materials shall be a waiver of the provisions contained herein. For purposes of this provision, "disclosure" shall not include (a) inadvertent disclosure or (b) the sharing of information between or among agencies or political subdivisions of the Commonwealth in the course of its ordinary business.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Action.

4

8. Before filing any pleadings or other documents which contain Confidential Materials, the parties shall confer and seek agreement on redactions that would permit the filing of the pleadings or other documents in open court. If the parties are unable to agree on such redactions, the producing party shall move for a court order, consistent with Local Rule 7.2, permitting such pleadings or other documents to be impounded by the Court and otherwise filed under seal. If the producing party fails to file such a motion within ten days of the receiving party's notice that the parties are unable to agree on redactions, the Confidential Materials identified shall no longer be treated as Confidential. Confidential Materials may be filed with the Court pending such motion, but in such circumstances shall be filed in a sealed envelope bearing the caption of the lawsuit and shall be marked with the following statement in bold letters: **"The contents of this envelope are subject to a motion for confidential treatment and/or impoundment. This envelope shall not be opened nor the contents displayed or revealed except as the Court directs."** The parties recognize that impoundment may only be ordered by the Court on a particularized showing, and that in its consideration of whether any pleadings or documents may be filed under seal, the Court is not bound by the designation of any material as "Confidential" and any such designation shall not create any presumption that documents so designated are entitled to confidential treatment or impoundment. If the Court determines that the Confidential Materials are not entitled to confidential treatment and/or does not permit the pleadings or other documents which contain such Confidential Materials to be filed under seal, the parties may then file those pleadings or other documents in open court.

9. If Confidential Materials received by a party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the

subpoena (including the delivery of a copy thereof) to counsel for the producing party ten business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Materials on less than ten days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver by hand or electronic copy thereof, to counsel for the producing party. Absent a court order to the contrary, the party to whom the subpoena is directed shall not produce Confidential Materials until the earlier of: (i) the receipt of written consent from the producing party; (ii) the return date of the subpoena or other process (unless the obligation to respond is stayed); (iii) five business days, or such shorter period as the presiding court may direct, after a decision is issued on any motion to quash or motion for a protective order. Nothing herein shall prevent any party subject to this Agreement from complying with an order of a court, including the subject subpoena, and nothing herein shall require the party to whom the subpoena is directed to take any affirmative steps other than the giving of notice to the producing party.

10.     If, at any time, any party wishes for any reason to dispute a designation of any Confidential Materials hereunder, such party shall notify the producing party of such dispute in writing, identifying the Confidential Materials in dispute. Within ten days, the producing party shall state in writing to the party disputing the designation the basis for having designated the materials as Confidential. If no such statement in writing is given within ten days, the identified Confidential Materials shall no longer be treated as Confidential. Following receipt of such statement, the parties shall confer regarding the Confidential Materials in dispute. If the parties are unable amicably to resolve the dispute, the producing party may move the Court, within twenty-one (21) days of the date of said impasse, for a ruling as to whether the designated

materials may properly be treated as Confidential. Designation of any material as "Confidential" shall not create any presumption that documents and transcripts so designated are Confidential, and shall not shift the burden of establishing entitlement to confidential treatment from the producing party. If the producing party does not timely move the Court for said ruling, then the identified Confidential Materials shall no longer be treated as Confidential.

11. At the conclusion of the Action, the producing party has the right to request that, to the extent permitted under Massachusetts law, all Confidential Materials be returned or destroyed. Counsel of record may retain for his or her files copies of any of counsel's own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Materials or reproduce the content of Confidential Materials. Such retained copies will remain subject to the restrictions herein.

12. Nothing in the foregoing shall control or govern the use of Confidential Materials as evidence at trial.

13. This Confidentiality Agreement may be signed by counsel of record in counterparts, all of which taken together shall constitute one fully executed copy of this Confidentiality Agreement representing the agreement and consent of the parties to this Action..

14. If any provision of the foregoing shall be invalidated, illegal, or otherwise unenforceable, such provision shall be severable from all other provisions of the foregoing, and the validity, legality and enforceability of the remaining provisions shall not be adversely affected or impaired, and shall thereby remain in full force and effect.

15. The foregoing constitutes the entire agreement between the parties with respect to the subject matter hereof, and any and all previous representations with respect to such subject

matter, either oral or written, are hereby annulled and superseded. The fact that any provision has been altered or removed from a prior draft of this Agreement shall not be offered to prove the intent of the parties, the contents of the Agreement, or the manner in which the foregoing should be interpreted.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

[Signature Block]

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED: _____

SIGNED: _____
[JUDGE]

Search Terms

"assault weapon!"
 "assault rifle!"
Colt
AR-15
AR15
AK47
AK-47
"copies or duplicates"
"copies and duplicates"
"enforcement notice"
131M
140 [within the same sentence as] 121
18 U.S.C. [within the same sentence as] 921(a)(30)
copycat
AWB
"features test"
"similarity test"
"interchangeability test"
"enumerated weapon!"
 "Massachusetts compliant"
"folding [within three words of] stock"
"telescoping [within three words of] stock"
"pistol grip"
"bayonet mount"
"flash suppressor"
"grenade launcher"
 "magazine port"
"trigger assembly"