**Nelson, Maura**

**From:** Sweeney, John P.
**Sent:** Thursday, September 28, 2017 2:21 PM
**To:** Blair, Connor
**Subject:** FW: Worman Friday's Meet and Confer call

**John Parker Sweeney**
Partner | Bradley
jsweeney@bradley.com
202.719.8216

**From:** Porter, Bill (AGO) [mailto:BILL.PORTER@MassMail.State.MA.US]
**Sent:** Friday, September 08, 2017 4:02 PM
**To:** Sweeney, John P. <JSweeney@bradley.com>; Kobick, Julia (AGO) <julia.kobick@state.ma.us>
**Cc:** Woodward, Sky <SWoodward@bradley.com>; Porter, Jay <jporter@bradley.com>; Nardone, Marc <mnardone@bradley.com>; Klein, Gary (AGO) <gary.klein@state.ma.us>; Kaplan, Elizabeth (AGO) <elizabeth.kaplan@state.ma.us>
**Subject:** RE: Worman Friday's Meet and Confer call

**[External Email]**

John,

Thank you for the below email. In response, please be advised that there is an error in your last bullet point, where you write: "Defendants responded that the rule precluding an attorney of record from being a witness applies to pre-trial activities, such that Mr. Klein is not disqualified from continuing to represent Defendants in this case." This sentence should say: "Defendants responded that the rule precluding an attorney of record from being a witness **at trial does not apply** to pre-trial activities, such that Mr. Klein is not disqualified from continuing to represent Defendants in this case."

With regard to the EOPSS Rule 30(b)(6) designees, we have explored whether they can identify further data that is responsive to your deposition notice without placing an undue burden upon the agency. EOPSS can provide an Excel database of all gun transactions in the Commonwealth back to 2006, with purchasers' identifying information redacted. EOPSS can also provide the total numbers of firearms, rifles, shotguns, and machine guns sold within that timeframe. And EOPSS can provide the total number of gun transfers in Massachusetts since 1985. We will, if possible, provide this information in next week's document production.

Finally, we will send you a written proposal of categories of privileged documents by Tuesday, September 12.

Thank you.

William W. Porter
Assistant Attorney General
Chief, Administrative Law Division
Office of Attorney General Maura Healey
One Ashburton Place
Boston, MA 02108



EXHIBIT 6

1

(617) 727-2200 (voice)
(617) 727-5785 (fax)
Bill.Porter@state.ma.us

**From:** Sweeney, John P. [mailto:JSweeney@bradley.com]
**Sent:** Tuesday, September 05, 2017 5:00 PM
**To:** Porter, Bill (AGO) <BILL.PORTER@MassMail.State.MA.US>; Kobick, Julia (AGO) <Julia.Kobick@MassMail.State.MA.US>
**Cc:** Woodward, Sky <SWoodward@bradley.com>; Porter, Jay <jporter@bradley.com>; Nardone, Marc <mnardone@bradley.com>
**Subject:** Worman Friday's Meet and Confer call

Bill and Julie,

Thank you for discussing the outstanding discovery issues with us on September 1.

Below is our summary of what was discussed and the current status of outstanding items.

- Date and time of depositions of Massachusetts State Police's 30(b)(6) designee and Lt. Zani – The MSP and Lt. Zani have not provided dates. You agreed you will follow up this week and let us know as soon as you know when the witnesses will be made available within the discovery period that ends September 15.
- Production of additional documents by Defendants pursuant to Plaintiffs' document requests and subpoenas – Documents have been provided to us today, and you have indicated there will be an additional and possibly final production of documents next week.
- Privilege Log – Plaintiffs asked when you would produce a privilege log, but you indicated that it would be too burdensome. You offered to provide a written proposal for a process to demonstrate that an itemized privilege log is not necessary because of what you claim is the clearly privileged nature of, and the identical nature of the privileges claimed for, the documents withheld. We agreed to look at your proposal.
- Deposition of EOPSS's 30(b)(6) designees – Plaintiffs expressed concern that EOPSS's designees were not adequately prepared to testify about designated topics, including, but not limited to, the number of firearms in Massachusetts and the number of transfers for which EOPSS has records, despite the EOPSS witness admitting that searches for that information would have taken an hour. Defendants do not agree with Plaintiffs' position and argue their EOPSS witnesses were adequately prepared and that it was too burdensome to have produced data requested by the date of the EOPSS deposition.
- Fact witnesses' personal files – Plaintiffs explained their concern that both fact witnesses (AGO Investigator Bolcome and EOPSS Director Dunne) were properly subpoenaed and were required to bring their files in this matter to their depositions, but failed to do so. Plaintiffs reiterated their request for these files. Defendants responded that any non-privileged portions of the fact witnesses' files would be produced with Defendants' other documents but would be identified as such so that Plaintiffs could determine which documents came from either witnesses' file.
- Plaintiffs reiterated their objection to Gary Klein continuing to appear in this litigation as counsel for Defendants in light of his designation and testimony as the only 30(b)(6) a witness for the Attorney General's Office, and his verifying Defendant Attorney General Maura Healeys' responses to interrogatories. The AGO 30(b)(6) deposition was offered by Defendants instead of the noticed deposition of Defendant Attorney General Maura Healey, whose deposition was objected to by Defendants as unnecessary and burdensome in light of her official responsibilities. Defendants responded that the rule precluding an attorney of record from being a witness applies to pre-trial activities, such that Mr. Klein is not disqualified from continuing to represent Defendants in this case. You confirmed that Gary Klein will not argue any motion for summary judgment. You also confirmed that you have not yet identified your trial witnesses or trial counsel, but if a trial occurs, you will either use a witness other than Mr. Klein, or Mr. Klein will not participate as counsel. Plaintiffs reserved on whether it would be necessary to move to disqualify Mr. Klein because they are entitled to have deposed before trial either or both of the Attorney general or whoever testifies as a 30(b)(6) witness for the AGO at trial.

2

Please let me know if you disagree with any of the foregoing. Thank you.

John

**John Parker Sweeney**
Partner
e: jsweeney@bradley.com  w: bradley.com
d: 202.719.8216  c: 410.458.5653
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, DC 20036

LinkedIn | Facebook | Twitter | Instagram | Blogs | My Bio

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.