**Michaela Dunne**
**August 30, 2017**

1

Volume 1, Pages 1-46

Exhibit: 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * * * * * *

DAVID SETH WORMAN, et al.,

        Plaintiffs,

vs.

CHARLES D. BAKER, in his official

capacity as Governor of the

Commonwealth of Massachusetts, et al.,

        Defendants

* * * * * * * * * * * * * * * *

Rule 30(b)(6) DEPOSITION OF EXECUTIVE OFFICE OF
PUBLIC SAFETY AND SECURITY (by Michaela Dunne) and
MICHAELA DUNNE, Individually

Wednesday, August 30, 2017, 1:06 p.m.

Campbell Campbell Edwards & Conroy

One Constitution Plaza, Third Floor

Charlestown, Massachusetts 02129


------- Alan H. Brock, RDR, CRR-------

C.J. Reporting

P.O. Box 1373

Andover, Massachusetts 01810

617.763.1725

**EXHIBIT 15**

**Michaela Dunne**
**August 30, 2017**

18

```
 1      Q.  Are you able to do that with respect to
 2  assault weapons?
 3      A.  No.
 4      Q.  Why not?
 5      A.  The assault weapons -- so in Massachusetts
 6  there are a certain number of assault weapons that
 7  are enumerated in the statute.  So by that
 8  definition we would be able to look at the make and
 9  model and presume that those are assault weapons
10  just by the fact that they're enumerated in the
11  statute.  Any other firearm that could be considered
12  an assault weapon under the Federal assault weapons
13  definition we wouldn't be able to tell, because we'd
14  have to physically inspect the firearm.
15      Q.  Okay.  So it's fair to say that the records
16  that are kept by the Firearms Records Bureau slash
17  EOPSS wouldn't allow for a determination of the
18  number of assault weapons in Massachusetts.
19      A.  Correct.
20      Q.  Now, for when we have individual sales,
21  what data is transferred for that?
22      A.  The same data is transmitted as it would be
23  for a gun shop, except the buyer and seller, it
24  would be all of their information -- so the name,
```