IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DAVID SETH WORMAN, et al.,

    Plaintiffs,

v.

MAURA HEALEY, et al.,

    Defendants.

Case No.: 1-17-CV-10107-WGY

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE UNDISCLOSED WITNESS DECLARATIONS

In support of their Motion for Summary Judgment filed December 15, 2017, Defendants submitted declarations containing expert opinions from three witnesses who had not been previously disclosed, either as fact or as expert witnesses. Defendants have violated Rules 26(a)(1) and (2) of the Federal Rules of Civil Procedure, Local Rules 26.2(a) and 26.4(b), and this Court's Scheduling Order. Plaintiffs are prejudiced because they were not afforded an opportunity to conduct discovery of these undisclosed witnesses or to prepare their Motion for Summary Judgment taking into consideration the expected testimony of these witnesses. The "required sanction is . . . mandatory preclusion" of these witnesses. *Harriman v. Hancock County*, 627 F.3d 22, 29 (1st Cir. 2010) (citing Fed. R. Civ. P. 37(c)(1)). Plaintiffs respectfully request that the Court strike these three witness declarations from the record supporting Defendants' Motion for Summary Judgment and preclude their use for any other purpose in this case.

## BACKGROUND

Defendants submitted declarations from Brian Kyes (Dkt. 61-3), Mark Leahy (Dkt. 61-4), and Kristen Rand (Dkt. 61-8) (the "Declarations") as exhibits in support of their Motion for

Summary Judgment (Dkt. 61). Defendants did not disclose these witnesses in their Rule 26(a)(1) initial disclosures (attached as Exhibit A), or in their Rule 26(a)(2) expert disclosures (attached as Exhibit B), or supplement either of these disclosures to identify these witnesses.

Under the Scheduling Order, Defendants were required to disclose the identities of these three witnesses by May 4, 2017 (initial disclosure deadline) or, at the very latest, by September 15, 2017 (close of fact discovery and expert disclosures deadline). *See* Dkt. 30. Defendants were aware of this deadline and indeed sought and obtained limited relief from it (unopposed by Plaintiffs), extending the deadline for a few days to allow for the late submission of the report of James Yurgealitis. *See* Dkt. 45. Defendants also obtained relief to extend the fact discovery period by two weeks to produce additional documents. *See* Dkt. 46. Defendants failed to comply with this Court's Order and the Federal Rules of Civil Procedure disclosure requirements, introducing surprise testimony from three previously-undisclosed witnesses in support of their Motion for Summary Judgment.

Each of the Declarations of these undisclosed witnesses appears to include statements of expert opinion:

Mr. Leahy opines that "the weapons at issue in this case, banned Assault Weapons, are unreasonably dangerous because of their lethality . . . for untrained individuals" and because these weapons are "apparent[ly] desirab[le] across the country to wreak havoc in mass shootings and for other criminal purposes." *See* Leahy Decl. at p. 2, ¶¶ 13–14. Mr. Leahy then offers the opinion that these weapons "are unsuitable as a home defense weapon. They typically take more steps to make ready to fire than a handgun, and they are hard to maneuver in close quarters." *Id.* at p. 3, ¶ 21. He concludes with his opinion that the "Assault weapons law" is "important to maintaining public safety." *Id.* at p. 2, ¶ 12. Throughout his declaration, Mr. Leahy purports to offer these opinions

not just for himself, but for all Massachusetts police officers and police departments generally. *Id.* at pp. 2-3, ¶¶ 15-19 & 23-24.

Mr. Kyes offers his opinion regarding the alleged dangers of "the banned assault weapons and magazines," stating that they "increas[e] the possibility of mass-casualty events that severely impact police, other first responders, and the community." Kyes Decl. at p. 3, ¶ 12. He also opines that "[t]he banned weapons are easily portable, high velocity weapons that can place multiple shots on target quickly, even at long distance. Typically, they can be used effectively at a range of up to 500 yards." *Id.* at p. 3, ¶ 13. He then offers the opinion that "these banned semi-automatic assault rifles in the hands of an ill-intentioned individual can kill and/or severely injure many individuals quickly and with minimum effort. This is especially true where the shooter has a large capacity magazine." *Id.* at p. 3, ¶ 14. He further opines that "[l]arge capacity magazines allow an assailant the ability to engage in a more continuous stream of gunfire without having to continually swap out magazines." *Id.* at p. 3, ¶ 16. He concludes with his opinion that the "assault weapons ban and the large-capacity magazine ban make Massachusetts safer" and that "[s]ensible regulation of weapons and high capacity magazines, including the laws at issue in this case, are among the factors that have made Massachusetts one of the safest states in the country." *Id.* at p. 3, 4 ¶¶ 18, 26.

Ms. Rand states in paragraph 2 of her declaration her opinion that the "availability and use of semiautomatic pistols and assault weapons equipped with high-capacity ammunition magazines [are increasing], a trend that began in the mid-1980s when the gun industry began producing more semiautomatic pistols than revolvers and also began aggressively marketing assault weapons to civilian gun buyers." Rand Decl. at p. 1, ¶ 2. She also declares her opinion that "high-capacity ammunition magazines in the civilian gun market" began increasing in 1980. *Id.* at p. 3, ¶ 14.

-3-

Leahy's and Kyes' declarations even read like expert reports, with lengthy statements of each declarants' credentials.[1] *See* Kyes Decl. at pp. 1–2, ¶¶ 2–10; Leahy Decl. at pp. 1–2, ¶¶ 1–9. None of these witnesses state that their declarations are based upon (much less limited to) their personal knowledge or experience.

## ARGUMENT

### I. Declarations from Undisclosed Witnesses Should be Precluded from Evidence.

Defendants violated Rule 26(a), Local Rule 26.2(a), and this Court's Scheduling Order by submitting the Declarations from undisclosed witnesses, and preclusion is the proper sanction. Rule 26(a)(l)(A) specifies that a party must serve initial disclosures providing:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

This obligation is a continuing one. *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring a party to supplement its disclosure promptly "if the party learns that in some material respect the disclosure or response is incomplete or incorrect.").

Defendants failed to comply with their disclosure obligations for Kyes, Leahy, and Rand. Even if they were not known to Defendants at the time of their initial disclosures in May, they should have been promptly added by supplement, and in any event disclosed before September 15, 2017, when fact discovery closed under the Scheduling Order.

---

[1] Rand's declaration, by contrast, is completely devoid of any credentials, failing to include even her title—Legislative Director—at the Violence Policy Center ("VPC"). This is perhaps because Rand lacks the qualifications necessary to qualify as an expert and because the VPC is a self-described advocacy group that offers anti-firearm "expertise" to policymakers, not courts. *See* ABOUT THE VPC, http://www.vpc.org/about-the-vpc/ (last visited on Dec. 20, 2017).

Defendants' willful failure to disclose these witnesses pursuant to the deadlines in the Scheduling Order prevented Plaintiffs from deposing them prior to preparing and submitting their Motion for Summary Judgment.

Preclusion is the mandatory and appropriate sanction. Federal Rule of Civil Procedure 37(c)(1) provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless.

Interpreting Rule 37, the First Circuit Court of Appeals has stated repeatedly that "[t]he baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Harriman*, 627 F.3d at 31 (collecting cases) (internal quotations omitted); *see also AVX Corp. v. Cabot Corp.*, 252 F.R.D. 70, 79 (D. Mass. 2008) ("As explained repeatedly by the First Circuit, the required sanction in the ordinary case is mandatory preclusion."). To determine if a case is outside the ordinary, the First Circuit examines the: (1) justification for the late disclosure; (2) harmfulness to the opposing party; (3) history of the litigation; (4) impact on the district's court's docket; and (5) the sanctioned party's need for the precluded information. *See Harriman*, 627 F.3d at 30 (examining these factors).

In *Harriman*, the First Circuit affirmed preclusion of two declarations from individuals whom plaintiff failed to identify in his Rule 26 disclosure. *Id.* The court found that the late disclosure caused real harm to defendants by causing them to "prepare[] and file[] a summary judgment motion premised on evidence submitted before the discovery deadline." *Id.* at 30–31. The *Harriman* defendants were further prejudiced because the declarations came from "witnesses whom [plaintiff] had not provided the defendants an opportunity to depose." *Id.* at 31. Preclusion was also warranted because plaintiff had missed two previous deadlines and because he did not

disclose the two witnesses until months after the initial disclosure and discovery deadlines. *Id.* at 31–32. Although plaintiff may have needed the declarations, "[r]eversals based on a sanctioned party's need for precluded evidence are rare." *Id.* at 32.

The facts here are nearly identical to those in *Harriman*, and thus preclusion is warranted under the same analysis. Like defendants in *Harriman*, Plaintiffs have suffered real prejudice—they filed their motion for summary judgment based upon evidence timely disclosed and without the opportunity to depose these three undisclosed witnesses. Defendants have twice moved to extend discovery deadlines (*see* Dkt. 45 & 46) and yet still failed to disclose these witnesses. Only as declarants in support of Defendants' Motion for Summary Judgment, filed several months after discovery ended, did these witnesses become known to Plaintiffs. Defendants' non-disclosure of these witnesses cannot be justified.

II. **Declarations from Undisclosed Expert Witnesses Should Be Precluded from Evidence.**

The Declarations also should be precluded because they contain expert testimony from previously-undisclosed expert witnesses, as detailed above at pages 2–3. *See* Kyes Decl. pp. 3–5, ¶¶ 12–18, 20, 25–26; Leahy Decl. pp. 2–4, ¶¶ 12–19, 21, 23–24; Rand Decl. pp. 1, 3 ¶¶ 2, 14. The Declarations go well beyond testimony based upon the declarants' personal knowledge and instead contain testimony based upon their purported scientific, technical, or other specialized knowledge. They therefore contain expert testimony under Rule 702 of the Federal Rules of Evidence. *See* Fed. R. Evid. 701, advisory committee's note (testimony is expert in nature if it "results from a process of reasoning which can be mastered only by specialists in the field"); *United States v. Thompson*, 229 F. Supp. 3d 91, 93 (D. Mass. 2017) (lay witness' testimony "may only opine on matters within their personal knowledge that are not based on scientific, technical, or other

specialized knowledge within the scope of Federal Rule of Evidence 702 . . . [and may not] cross[] over into specialized knowledge within the realm of an expert") (quotation omitted)).

Rule 26(a)(2)(A)–(B) requires that, in the course of pretrial discovery, "a party shall disclose to other parties the identity of any person who may be used at trial to present [expert opinion evidence]" and that "this disclosure must be accompanied by a written report." This Court's Scheduling Order required expert disclosures by September 15, 2017. *See* Dkt. 30. These three witnesses should have been disclosed as expert witnesses under Rule 26(a)(2) by September 15, 2017, as required by the Scheduling Order. See Rule 26(a)(2)(D). Even if these witnesses are not the type of expert required to submit a report, their identities and summaries of the facts and opinions of their expected testimony were still required to be disclosed before the expert disclosure deadline. See Rule 26(a)(2)(C). These disclosure rules are designed to provide Plaintiffs an opportunity to depose any potential witness against them, including especially expert witnesses. See Rule 26(b)(4)(A).

Defendants failed to disclose the identities of these three witnesses or provide a written report or summary of the facts and opinions of the expected testimony for any of them. Defendants' failure to disclose these witnesses prevented Plaintiffs from deposing them and from preparing their Motion for Summary Judgment based upon knowledge of the facts and opinions of their testimony and any discovery Plaintiffs could have developed.

As with lay witnesses, Rule 37(c)(1) mandates preclusion of declarations from undisclosed experts. *Lohnes v. Level 3 Comms., Inc.*, 272 F.3d 49, 59–61 (2001) (affirming preclusion of a "belatedly proffered [expert] affidavit based upon the appellant's total failure to comply with the disclosure provisions."). Local Rule 26.4(b)(1) also provides for "precluding the appearance of expert witnesses not timely identified." The Declarations should be struck from evidence.

## **CONCLUSION**

For the foregoing reasons, the Declarations should be stricken.

Dated: December 20, 2017

                                        Respectfully submitted,

/s/ James M. Campbell
James M. Campbell (BBO#541882)
Richard P. Campbell (BBO # 071600)
Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
(617) 241-3000
jmcambpell@campbell-trial-lawyers.com

/s/ John Parker Sweeney
John Parker Sweeney (admitted *Pro Hac Vice*)
T. Sky Woodward (admitted *Pro Hac Vice*)
James W. Porter, III (admitted *Pro Hac Vice*)
Marc A. Nardone (admitted *Pro Hac Vice*)
Connor M. Blair (admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
jsweeney@bradley.com

*Counsel for Plaintiffs David Seth Worman, Anthony Linden, Jason William Sawyer, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2017, that Plaintiffs' Memorandum of Law in Support of Their Motion to Strike Undisclosed Witness Declarations was served, on Defendants' counsel via CM/ECF system that will forward copies to Counsel of Record.

/s/ James M. Campbell
James M. Campbell (BBO#541882)
Richard P. Campbell (BBO # 071600)
Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129
(617) 241-3000
jmcambpell@campbell-trial-lawyers.com

/s/ John Parker Sweeney
John Parker Sweeney (admitted *Pro Hac Vice*)
T. Sky Woodward (admitted *Pro Hac Vice*)
James W. Porter, III (admitted *Pro Hac Vice*)
Marc A. Nardone (admitted *Pro Hac Vice*)
Connor M. Blair (admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
jsweeney@bradley.com

*Counsel for Plaintiffs David Seth Worman, Anthony Linden, Jason William Sawyer, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost*