UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID SETH WORMAN, ANTHONY LINDEN, JASON WILLIAM SAWYER, NICHOLAS ANDREW FELD, PAUL NELSON CHAMBERLAIN, GUN OWNERS' ACTION LEAGUE, INC., ON TARGET TRAINING, INC., AND OVERWATCH OUTPOST,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; COLONEL RICHARD D. McKEON, in his official capacity as Superintendent of the Massachusetts State Police; and MASSACHUSETTS STATE POLICE,<br><br>Defendants. | CIVIL ACTION<br>No. 1:17-cv-10107-WGY<br><br>Served Pursuant to the Court's Order of<br>April 7, 2017 |

**DEFENDANTS' REQUIRED DISCLOSURES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

     Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Charles D. Baker, in his official capacity as Governor of the Commonwealth of Massachusetts; Maura Healey, in her official capacity as Attorney General of the Commonwealth of Massachusetts; Daniel Bennett, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; Colonel Richard D. McKeon, in his official capacity as Superintendent of the Massachusetts State Police; and the Massachusetts State Police (collectively, "the Defendants"), make the following required disclosures based on information currently available to them. The disclosures are made subject to the attorney-client privilege and the work-product doctrine. The Defendants note that these disclosures are subject to supplementation and/or revision based on further discovery and investigation.

**EXHIBIT 52**

**I.  Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) of Individuals Likely to Have Discoverable Information**

The following individuals may have discoverable information, relating to the subjects of information identified, that the Defendants may use in support of their defenses.

Michaela Dunne
Director, Firearms Records Bureau
200 Arlington Street, Suite 2200
Chelsea, Massachusetts 02150
(617) 660-4600
(Subjects: the nature of the records maintained by the Firearms Records Bureau)

David Bolcome
Investigator, Civil Investigations Division
Office of the Massachusetts Attorney General
100 Cambridge Street
Boston, Massachusetts 02114
(617) 727-2200
(Subjects: marketing and sales of assault weapons in Massachusetts)

Jim Wallace
Executive Director, Gun Owners' Action League
361 West Main Street
Northborough, Massachusetts 01532
(508) 393-5333
(Subjects: Gun Owners' Action League's standing to sue; factual basis for allegations contained in the Complaint)

Edward O'Leary
Owner, On Target Training, Inc.
516 N. Bedford Street
East Bridgewater, Massachusetts 02333
(617) 851-5937
(Subjects: On Target Training, Inc.'s standing to sue; factual basis for allegations contained in the Complaint; gun transactions potentially implicated by the AGO's Assault Weapons Guidance)

Charles M. Ricko
Owner, Overwatch Outpost
97 Main Street
PO Box 22
Charlemont, Massachusetts 01339
(413) 339-8800
(Subjects: Overwatch Outpost's standing to sue; factual basis for allegations contained in the Complaint; gun transactions potentially implicated by the AGO's Assault Weapons Guidance)

      David Seth Worman
      (Subjects: Plaintiff Worman's standing to sue; factual basis for allegations contained in the Complaint)

      Anthony Linden
      (Subjects: Plaintiff Linden's standing to sue; factual basis for allegations contained in the Complaint)

      Jason William Sawyer
      (Subjects: Plaintiff Sawyer's standing to sue; factual basis for allegations contained in the Complaint)

      Nicholas Andrew Feld
      (Subjects: Plaintiff Feld's standing to sue; factual basis for allegations contained in the Complaint)

      Paul Nelson Chamberlain
      (Subjects: Plaintiff Chamberlain's standing to sue; factual basis for allegations contained in the Complaint)

      The Defendants reserve the right to supplement this disclosure as discovery in this matter proceeds.

## II.    Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii)

      The following categories of documents, copies of which are stored electronically or in hard copy in the Defendants' offices, may be used by the Defendants to support their defenses in this action. By disclosing these documents, the Defendants do not in any way waive any existing or future objections to the production of these documents.

1. Documents related to the legislative history of the federal assault weapons ban;
2. Documents related to the legislative history of the state assault weapons ban;
3. Governmental reports on assault weapons and large-capacity magazines;
4. Reports by non-profit organizations on assault weapons and large-capacity magazines;
5. Trade books, manuals, videos, magazines, and newspaper articles related to assault weapons and large-capacity magazines;
6. Historical materials related to assault weapons and large-capacity magazines;
7. Empirical research on assault weapons and large-capacity magazines;
8. Firearms manufacturers' marketing materials and websites;
9. User manuals and other instructional materials produced by firearms manufacturers;
10. Documents and evidentiary submissions included in the Joint Appendices in *Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) (en banc), and *New York State Rifle & Pistol Ass'n v. Cuomo*, 804 F.3d 242 (2d Cir. 2015).

      The Defendants reserve the right to supplement this disclosure identifying specific documents on which they intend to rely as the discovery process proceeds.

**III.**     **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Not applicable to the Defendants.

**IV.**     **Disclosure Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv)**

There are no insurance agreements that would satisfy any portion of a judgment against the Defendants for claims in this matter.

Respectfully submitted,

CHARLES D. BAKER, in his official capacity as Governor of the Commonwealth of Massachusetts; MAURA HEALEY, in her official capacity as Attorney General of the Commonwealth of Massachusetts; DANIEL BENNETT, in his official capacity as the Secretary of the Executive Office of Public Safety and Security; COLONEL RICHARD D. McKEON, in his official capacity as Superintendent of the Massachusetts State Police; and MASSACHUSETTS STATE POLICE,

By their attorneys,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Julia Kobick
William W. Porter (BBO No. 542207)
Gary Klein (BBO No. 560769)
Julia Kobick (BBO No. 680194)
Assistant Attorneys General
Office of the Attorney General
One Ashburton Place
Boston, MA  02108
(617) 963-2976 (Porter)
(617) 963-2567 (Klein)
(617) 963-2559 (Kobick)
bill.porter@state.ma.us
gary.klein@state.ma.us
julia.kobick@state.ma.us

May 4, 2017

## **CERTIFICATE OF SERVICE**

  I, Julia Kobick, hereby certify that I have this day, May 4, 2017, served the foregoing document upon all parties by sending a copy via first-class mail, postage pre-paid.

               /s/ Julia Kobick
               Julia Kobick
               Assistant Attorney General