**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **DAVID SETH WORMAN, et al.,** | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   Case No.: 1-17-CV-10107-WGY |
| | ) |
| **MAURA HEALEY, et al.,** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO ALTER OR AMEND THE JUDGMENT**

By Memorandum and Order dated April 5, 2018, the Court *sua sponte* dismissed Count Two of Plaintiffs' Complaint and granted summary judgment for Defendants on Counts One and Three. Doc. 93 (Memorandum and Order). The final judgment reflecting the Order was entered on April 6, 2018. ECF 94.

In Count Two, Plaintiffs alleged that the Attorney General's Notice of Enforcement violates Due Process by retroactively criminalizing previously lawful conduct. *See* Doc. 1 at p. 24–29 (Complaint). Between 1998, when the Challenged Laws were enacted, and 2016, when the Notice of Enforcement was issued, tens of thousands of Massachusetts Compliant Firearms were bought and sold under Defendants' construction of the phrase "copies or duplicates." Doc. 1 at p. 25, ¶ 79; Doc. 59 at p. 26, ¶ 78 (Plaintiffs' Statement of Undisputed Facts). The Notice of Enforcement—issued almost twenty years after the Challenged Laws were passed—now criminalizes, under Massachusetts law, the sale of firearms that were previously transferred in good faith compliance with existing law. Doc 1 at p. 25, ¶ 80; Doc. 59 at p. 24, ¶ 72. This

1

retroactive criminalization under Massachusetts law inarguably exposes dealer Plaintiffs to both state and federal criminal prosecution and loss of licensure. Plaintiffs' claim that they were denied due process of law is ripe for adjudication.

Plaintiffs respectfully move this Court under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment dismissing Count Two. Plaintiffs have never been afforded an opportunity to brief the ripeness issue, which was not raised before the entry of final judgment. The Court should provide the parties adequate time to brief their contentions and afford Plaintiffs an opportunity to demonstrate that their claim is ripe. As discussed briefly below, and as would be made clear if Plaintiffs are given the opportunity to brief the issue in full, Count Two is ripe for adjudication because the law is clear that Plaintiffs need not endure criminal prosecution before challenging the constitutionality of a state action that affects their rights and exposes them to criminal prosecution and jeopardizes their firearms dealer licenses. The final judgment reflects a clear error of law that would work a manifest injustice if not altered or amended.

## STANDARD OF REVIEW

A party may move the Court to alter or amend its judgment within 28 days of the entry of the final judgment.[1] FED. R. CIV. P. 59(e). The Rule itself does not list specific grounds for relief but "leaves the matter to the sound discretion of the district court." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 28 (1st Cir. 2014). "That discretion requires a balancing of the need for finality of judgments with the need to render a just decision." *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). First Circuit precedent offers three grounds for succeeding on a Rule 59(e) motion: "an intervening change in the controlling law, a clear legal error, or newly-discovered evidence." *Soto-Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir.

---

[1] This Motion is timely under Rule 59(e). The final judgment was entered on April 6, 2018, making a motion to alter or amend the judgment due on or before May 4, 2018.

2012) (alterations omitted). A Rule 59(e) motion should be granted "where the moving party clearly establishes a manifest error of law." *Venegas-Hernandez*, 370 F.3d at 190–91; *accord F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). Thus, "Rule 59(e) motions allow a court to correct its own errors and avoid unnecessary appellate procedures." *Venegas-Hernandez*, 370 F.3d at 190.

## ARGUMENT

This Court should alter or amend its judgment dismissing Count Two on ripeness grounds. The Court *sua sponte* dismissed Count Two without affording either party an opportunity to brief that issue. Neither the parties nor the Court raised the question of ripeness before the entry of final judgment. Plaintiffs should be provided an opportunity to brief the issue fully. Moreover, the Court's analysis contains a clear legal error. Plaintiffs' retroactivity claim is ripe for adjudication as a matter of law because Plaintiffs face potential state and federal prosecution and the firearms dealer Plaintiffs could lose their licenses. For these reasons, the judgment should be altered or amended, after permitting the parties to fully brief the issue.

**I.    The parties were not afforded an opportunity to brief the ripeness issue, which had never been raised and was not implicated before the Court entered its final judgment.**

Reconsideration is necessary in this case because neither party has ever briefed the question of ripeness. Indeed, courts should afford litigants an opportunity to brief fully justiciability arguments. *See*, *e.g.*, *Church of Scientology of Georgia, Inc. v. City of Sandy Springs*, 843 F. Supp. 2d 1328, 1336 (N.D. Ga. 2012) (granting a motion for reconsideration after *sua sponte* raising the issue of ripeness and "direct[ing] the parties to submit additional briefing on the ripeness issue"); *Pierce v. Thomas*, No. CV 08-705-MA, 2009 WL 2476606, *2 (D. Or. Aug. 10, 2009). In *Pierce*, a habeas corpus proceeding, the petitioner complained that the District of Oregon failed to offer him notice and an opportunity to be heard on certain justiciability issues. *Pierce*, 2009 WL

3

2476606, at *2. Despite the fact that the court had heard similar arguments in related cases, "in an abundance of caution, [it] should have provided petitioner notice and an opportunity to be heard on the issues of standing and mootness." *Id*. The court thus granted the petitioner's Rule 59(e) motion to the extent that it considered the arguments and evidence after full briefing. *Id*.

Likewise, the First Circuit encourages district courts to permit briefing and argument on dispositive issues before the entry of judgment. *See Banks v. Shalala*, 43 F.3d 11, 14 (1st Cir. 1994); *see also E.E.O.C. v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 608 (1st Cir. 1995) ("[W]hile we have acknowledged that district courts possess the raw power to enter summary judgment *sua sponte*, we have repeatedly cautioned that this power must be tempered by the need to ensure that the parties are given adequate notice to bring forward their evidence." (citation omitted)). In *Banks*, the district court *sua sponte* affirmed an administrative decision without allowing the plaintiff an opportunity to brief his objections. *Banks*, 43 F.3d at 12. The plaintiff filed a Rule 59(e) motion, arguing that "it was improper for the district court to enter judgment against [him] without affording [him] an opportunity to brief the issues in the case." *Id*. On appeal, the First Circuit held that the district court should not have rendered its decision "without an appropriate opportunity for the presentation of the parties' contentions." *Id*. at 13 (citation omitted). Because the error was not harmless, the court vacated the judgment and remanded the case for further proceedings. *Id*. at 14.

This Court should permit briefing and argument on the ripeness of Plaintiffs' retroactivity claims. While ripeness "may be considered on a court's own motion," *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003), prudence counsels the Court to hear the parties' contentions on whether the claim is in fact ripe, especially in this case, where the entire purpose of the state action was to issue a credible threat of prosecution and where Defendants never argued

that Plaintiffs' retroactivity claim is not ripe for adjudication. *See Pierce*, 2009 WL 2476606, at *2. As discussed *infra*, Plaintiffs' retroactivity claim is ripe for adjudication, which Plaintiffs would have demonstrated if given the opportunity. As in *Banks*, this error is not harmless because it precludes Plaintiffs from pursuing their retroactivity claims.

The ripeness argument is not one that logically should have been presented earlier because Plaintiffs had no indication the issue would arise before the entry of final judgment. *See Santiago v. Commonwealth of Puerto Rico*, No. 08-1533, 2010 WL 500401, at *1 (D.P.R. Feb. 5, 2010) (granting the Commonwealth's Rule 59 motion presenting new arguments because "the Commonwealth was never before obliged to raise the issues brought in the instant motion"). The Notice of Enforcement clearly expresses Defendants' intent to prosecute Plaintiffs for the possession and sale of firearms that were formerly compliant with state law. Doc. 59-24 at p. 4 (Notice of Enforcement). What's more, the Attorney General's remarks, delivered on the day the Notice of Enforcement was issued, further clarify Defendants' intent to prosecute. Doc. 59-23 at p. 3 (Remarks of Attorney General Maura Healey) ("Let me be clear: these weapons are illegal."). Given the clarity of the pleadings and evidence presented, Defendants obviously did not believe that the issue was not ripe (else they would have moved for dismissal), and neither party had any reason to brief the ripeness issue before the entry of final judgment.

The Seventh Circuit has previously affirmed the grant of a Rule 59(e) motion under similar circumstances. *See Matter of Prince*, 85 F.3d 314, 324–25 (7th Cir. 1996). In *Prince*, the bankruptcy court announced its valuation of stock, and the unsecured creditors moved to alter or amend the judgment based on newly discovered evidence. *Id*. at 316. The court granted the motion based on bank records that were not offered into evidence before the entry of judgment. *Id*. at 324–25. On appeal, the debtor argued that "the bank records were in existence and accessible by the

public—and therefore technically available—prior to the entry of judgment." *Id*. at 324. The court disagreed, noting that "this argument reflects a far too simplistic interpretation of availability." *Id*. Before the entry of judgment, the parties had no indication that the issue resolved by the bank records would be relevant, and, once the relevance of the issue became apparent, they "were not given an opportunity to collect evidence bearing on the question." *Id*. The court thus acted within its discretion to amend the judgment based on the new evidence. *Id.*

Where neither party had any reason to believe that ripeness was at issue, and given the Court's 20-page limit for supporting memoranda, *see* D. Mass. L.R. 7.1(b), it would be unreasonable to expect Plaintiffs to have wasted limited briefing space on an argument that had not been raised before. Under the Seventh Circuit's reasonable view of "availability," the ripeness argument is not one that "could and should have been presented to the district court prior to the judgment." *See Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997) (citation omitted). Now that Count Two has been dismissed and ripeness is clearly in play, the parties should be afforded the opportunity to brief or otherwise address the issue. The Court should alter or amend its judgment for this reason alone.

**II.   The Court's Memorandum and Order contains a clear error of law because Plaintiffs' retroactivity claim is ripe for adjudication as a matter of law.**

Additionally, the Court's ripeness analysis reflects "a manifest error of law" that should be corrected on reconsideration. *See Venegas-Hernandez*, 370 F.3d at 190–91. A ripeness analysis focuses on the "when" of litigation and requires a substantial controversy between adverse parties of sufficient immediacy to warrant the resolution of their claims. *McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 69–70 (1st Cir. 2003). When evaluating ripeness, the Court considers "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *abrogated on other grounds*

6

by *Califano v. Sanders*, 430 U.S. 99, 105 (1977). The fitness determination concerns "whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all." *McInnis-Misenor*, 319 F.3d at 70 (quoting *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 536 (1st Cir. 1995)). Cases that are "largely hypothetical" are "seldom fit for federal judicial review." *Id.* at 73 (quoting *Ernst & Young*, 45 F.3d at 538). For ripeness purposes, a claim is not hypothetical if the facts are sufficiently well-developed to permit a claim-specific analysis. *See Reddy v. Foster*, 845 F.3d 493, 505 (1st Cir. 2017). To establish hardship, a party must show that "the challenged action creates a direct and immediate dilemma." *McInnis-Misenor*, 319 F.3d at 70 (citation omitted).

The First Circuit employs the *Abbott Laboratories* test "[w]hen faced with questions of ripeness in the declaratory judgment context." *State of Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 692 (1st Cir. 1994). In a declaratory action, the linchpin of the ripeness analysis is adverseness, which "must be appraised in a practical, commonsense way." *Id.* at 692–93. To satisfy the adverseness requirement, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 693 (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). A declaratory judgment may not be granted under speculative circumstances, but "a litigant 'does not have to await the consummation of threatened injury to obtain preventive relief.'" *Id.* (quoting *Pacific Gas & Elec. Co. v. State Energy Res. Conservation and Dev. Comm'n*, 461 U.S. 190, 201 (1983)). Further, courts evaluating ripeness in declaratory actions consider "whether granting relief would serve a useful purpose, or . . . whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." *Id.*

This declaratory action is ripe for adjudication because the Notice of Enforcement's retroactive change in the law places dealer Plaintiffs at risk of prosecution and loss of their licenses, and this Court's judgment would set to rest the parties' dispute as to whether this violated Due Process. For almost twenty years, Defendants approved the sale of tens of thousands of Massachusetts Compliant Firearms by processing transfer applications and inspecting the records of licensed firearms dealers. Doc. 59 at p. 3, ¶ 7; pp. 23–24, ¶¶ 69–71. Through this process, Defendants established that Massachusetts Compliant Firearms were legal under the Challenged Laws. *Id*. at pp. 23–24, ¶¶ 69–72. Plaintiffs justifiably relied on Defendants' conduct to ensure that they were not committing any crimes by participating in transactions involving Massachusetts Compliant Firearms. *Id*. at pp. 10–11, ¶¶ 24–25; p. 24, ¶ 72. Only when the Notice of Enforcement was published were Plaintiffs made aware that they could be prosecuted under state or federal law for previously lawful conduct now retroactively declared illegal. *Id*. at pp. 23–25, ¶¶ 69–76.

Indeed, the express purpose of the Notice of Enforcement is to impose a credible threat of prosecution on individual gun owners and licensed dealers. Doc. 59-24 at p. 4; *see also* Doc. 59-23 at p. 2 ("Today, we've put . . . gun dealers on notice that we're cracking down on the illegal sale of assault weapons in Massachusetts."). While the Notice of Enforcement provides retroactive limitation for individual gun owners, it offers no such exception to dealers for transfers made before July 20, 2016. *Id*. Even if Defendants choose not to apply the Notice of Enforcement retroactively to the dealer Plaintiffs, federal law criminalizes all sales of firearms that do not comply with state law. 18 U.S.C. § 922(b)(2). The dealer Plaintiffs now face a credible threat of prosecution for conduct that was lawful at the time it occurred, which will operate to chill the future exercise of constitutionally protected activity. Additionally, as Plaintiffs made clear in their statement of undisputed facts, Doc. 59 at pp. 10–11 ¶¶ 24–25, dealer Plaintiffs face loss of their

licenses to deal in firearms as a result of Defendant Healey's unilateral decision to decree these prior, consummated, and recorded (by Massachusetts government agencies) transactions to be illegal. *See also* 18 U.S.C. § 923(e) (explaining that a license to deal in firearms can be revoked for a violation of 18 U.S.C. § 922). The Notice of Enforcement violates the basic due process concepts of notice, foreseeability, and the right to fair warning. *See Rogers v. Tennessee*, 532 U.S. 451, 456–60 (2001) (citing *Bouie v. City of Columbia*, 378 U.S. 347, 353–54 (1964)).

Plaintiffs' retroactivity claim satisfies each of the ripeness criteria announced in *Abbott Laboratories* and applied in *Narragansett Indian Tribe*. First, the claim is fit for review because the injury imposed by the Notice of Enforcement is not hypothetical. As the Court acknowledged in its Order, federal prosecutors have not disavowed the possibility of prosecuting the dealer Plaintiffs for engaging in transactions that were legal before the Notice of Enforcement was published. *See* Doc. 93 at p. 21 n.6. And nothing that Defendants have conceded in this case prevents either the federal government from prosecuting the dealer Plaintiffs for engaging in these transactions or even Massachusetts prosecutors, who are not under the authority of the Attorney General, from initiating criminal actions. Moreover, dealer Plaintiffs may face revocation of their licenses based upon the Notice of Enforcement's declaration that their previously lawful sales may have violated state law, in which proceedings they may not be allowed to collaterally attack the constitutionality of that retroactive application. The facts are sufficiently well-developed to permit a claim-specific analysis. *See Reddy*, 845 F.3d at 505. Thus, the dealer Plaintiffs have been injured by the Notice of Enforcement and are entitled to clear their names through this declaratory action.

The Court's Order intimates that the threat of enforcement against the dealer Plaintiffs is minimal. Doc. 93 at p. 21. Ostensibly, the Notice of Enforcement "implies" that both individuals and dealer Plaintiffs will be spared retroactive application. *Id*. But, as previously discussed, the

Notice of Enforcement contains different language relevant to dealers and individuals. Doc. 59-24 at p. 4. Under the venerable maxim *expressio unius est exclusio alterius*, "the expression of one thing is the exclusion of other things." *United States v. Hernandez-Ferrer*, 599 F.3d 63, 67 (1st Cir. 2010); *see Morales v. Sociedad Espanola de Auxilio Mutuo y Beneficencia*, 524 F.3d 54, 59 (1st Cir. 2008) ("To determine [a] regulation's meaning, an inquiring court first should apply the same set of principles that inform statutory construction."). If Defendants intended to foreclose retroactive application for dealers, the Notice of Enforcement would have used the same language with respect to dealers and individual gun owners. Moreover, nothing in the Notice of Enforcement could constrain other state or federal prosecutors. The simple fact that Defendants provided a safe harbor for gun owners but not gun dealers confirms that the dealer Plaintiffs are at risk of prosecution. In the absence of an express concession that the dealer and individual Plaintiffs are both exempt from retroactive enforcement, the Notice of Enforcement criminalizes conduct that had been legal in Massachusetts for almost twenty years and exposes the dealer Plaintiffs to a credible threat of prosecution and loss of their licenses. *See* Doc. 59-24 at p. 4.

Advisory guidance like the Notice of Enforcement is ripe for judicial review. *See F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012); *see also Cheshire Hosp. v. New Hampshire-Vermont Hospitalization Serv., Inc.*, 689 F.2d 1112, 1120–21 (1st Cir. 1982) (evaluating a due process challenge to the Secretary of Health and Human Service's interpretation of a Medicare regulation). In *Fox Television Stations*, the Federal Communications Commission issued a policy statement to offer guidance to the broadcast industry on its enforcement policies with respect to broadcast indecency. *Id*. at 246. The Supreme Court thoroughly reviewed the constitutional challenge because clarity in regulation is essential to animate the protections

afforded by the Due Process Clause. *Id*. at 253. Thus, the Notice of Enforcement is ripe for judicial review.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request this Court alter or amend its judgment dismissing Count Two for lack of ripeness.

Dated: May 2, 2018

                              Respectfully submitted,

*/s/ James M. Campbell*
James M. Campbell (BBO # 541882)
Richard P. Campbell (BBO # 071600)
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Center
Boston, MA 02129
P (617) 241-3000
jmcampbell@campbell-trial-lawyers.com

*/s/ John Parker Sweeney*
John Parker Sweeney (admitted *Pro Hac Vice*)
T. Sky Woodward (admitted *Pro Hac Vice*)
James W. Porter, III (admitted *Pro Hac Vice*)
Marc A. Nardone (admitted *Pro Hac Vice*)
Connor M. Blair (admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
jsweeney@bradley.com

*Counsel for Plaintiffs David Seth Worman, Anthony Linden, Jason William Sawyer, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of May, 2018, Plaintiffs' Memorandum of Law in Support of Their Motion to Alter or Amend the Judgment was served on Defendants' counsel via CM/ECF system that will forward copies to Counsel of Record.

*/s/ James M. Campbell*
James M. Campbell (BBO # 541882)
Richard P. Campbell (BBO # 071600)
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
One Constitution Center
Boston, MA 02129
P (617) 241-3000
jmcampbell@campbell-trial-lawyers.com

*/s/ John Parker Sweeney*
John Parker Sweeney (admitted *Pro Hac Vice*)
T. Sky Woodward (admitted *Pro Hac Vice*)
James W. Porter, III (admitted *Pro Hac Vice*)
Marc A. Nardone (admitted *Pro Hac Vice*)
Connor M. Blair (admitted *Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street, N.W., Suite 1350
Washington, D.C. 20036
P (202) 719-8216
F (202) 719-8316
jsweeney@bradley.com

*Counsel for Plaintiffs David Seth Worman, Anthony Linden, Jason William Sawyer, Paul Nelson Chamberlain, Gun Owners' Action League, Inc., On Target Training, Inc., and Overwatch Outpost*