UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORMAN, ET AL
  PLAINTIFFS
                    CIVIL ACTION NO.
        V            1:17-10107-WGY
BAKER, ET AL
  DEFENDANTS

## MOTION TO TAKE JUDICIAL NOTICE OF SIGNIFICANT DOCUMENTS

PURSUANT TO THE FEDERAL RULES OF EVIDENCE, 201 (A) (C) (2) (d) (e) AND (f); U.S. V. GORHAM, 536 F.2d 410, 415 N.4, (D.C. CIR. 1976); NEONATOLOGY ASSOCIATES V. P.A. CIR. 293 F.3d 128, 132 (3Rd CIR. 2002); NEONATOLOGY ASSOCS, P.A. V. COMM'R, 293 F.3d 128, 132 (3Rd CIR. 2002) (Judge ALITO, JR.), RESPECTFULLY REQUESTS THE COURT TO TAKE COGENT JUDICIAL NOTICE OF THE ACCOMPANYING SIGNIFICANT DOCUMENTS, WHICH ARE RELEVANT TO his LETTER filed MAY 18, 2018 IN THIS CASE "before" THE JUNE 7, 2018 NOTICE OF APPEAL WAS filed. "See" E.g. CARLIN V. DAIRY AMERICAN, INC. 2017 U.S. DIST. LEXIS 41694 U.S. DISTRICT COURT FOR EASTERN DISTRICT OF CALIFORNIA, NO. 1:09-CV-430, MARCH 22, 2017, CITING IN RE BAY SHORE FORD TRUCKS SALES, INC. 471 F.3d 1233, 1249 N.34 (11th CIR. 2006).

(1)

"See" accompanying significant documents: copy of letter dated June 21, 2018 from K. Hubschmann, Paralegal Specialist, addressed to Movant; copy of page 35, from Vol. 103, No. 2 of The Criminal Law Reporter.

Having read, and studied, this court's April 5, 2018 opinion; which was an honor; Movant squarely concur, with the court's fundamental principles "that Americans are not afraid of bumptious, raucous, and robust debate about the matters addressed in the court's April 5, 2018 opinion. "We call it democracy." Indeed; Justice Scalia would be proud.

Furthermore, indeed as a jurisprudence scholar, Movant concur, cogently with Brandon J. Murrill, Modes of Constitutional Interpretation, Cong. Res. Service 8 (March 15, 2018). The court cites in footnote one, of its April 5, 2018 opinion Justice Scalia, a jurisprudence scholar, made the right constitutional interpretation in Heller. Indeed, Heller, is the paradigmatic example of original meaning jurisprudence.

The court's opinion, indeed, has the concurrence of President Woodrow Wilson. President Wilson would be equally proud. "Democracy is not so much a form of government as a set of principles" _____ President Woodrow Wilson. However, robust debate is a necessity.

(2)

In accordance with the Federal Rules of Appellate Procedure, Rule 29 (a), (b), (1), (2), (c) 1-5, (e) And "(g)", movant will be seeking to file an Amicus Curiae brief in this matter with the 1st Circuit Court of Appeals. That court is govern in its decision-making by the statutory directive of 28 U.S.C. 2106; that it "shall" dispose of appeals in the interests of justice. U.S. v. Wiley, 517 F.2d 1212, 1218 (D.C. Cir. 1975). Being just, under the circumstances, movant submit, is for the 1st Circuit Court of Appeals, to issue a per curiam opinion, adopting this court's thoroughly and well written opinion as the Circuit court's own opinion. In any event, adopt this court's opinion. And movant's concurring opinion "That Justice Scalia would be proud of our significant endeavors."

However, if movant is not successful in participating in the F.R.A.P. Rule 28, "29" (g) oral argument, see F.R.A.P. Rule 29 (g) movant hopes the court will attribute the Massachusetts Attorney General Maura Healey, arguments in pertinent part, to movant, in lieu of movant presenting oral argument, pro hac vice. Asemani v. U.S. Citizenship + Immigration Service 797 F.3d 1069, at 1073 (D.C. Cir. 2015).

Following this court's cogent lead at the end of this court's April 5, 2018 opinion echoing "That Justice Scalia would be proud." Movant will be in due diligence, research-

(3)

ing, in the coming weeks, searching for "one, just one," of Justice Scalia's opinions, indicative of an highly honorable or creditable sense of a pride in Movant's endeavor in filing an "Amicus Curiae brief." In the event, Movant is not successful in finding that "one opinion," Movant hopes that the 1st Circuit Court of Appeals will find that one of Justice Scalia's opinions.

As reported in the accompanying Criminal Law Reporter Vol. 103, No. 2, page 35, Massachusetts Attorney General Maura Healey states: "Strong gun laws saves lives, and we will not be intimidated by the gun lobby in "our" efforts to end the sale of assault weapons and protect "our" communities and schools." Id. Schools includes "law schools." Movant is in total agreement with the Massachusetts Attorney General's statements.

Footnote:
The Honorable Judges on the First Circuit Court of Appeals are very familiar with Movant's persuasive brief writing. Movant has filed in that court a brief known as the most famous brief. See Black Law Dictionary, 9th edition by Bryan A. Garner, at page 213, "The Brandeis brief." See e.g. Brandeis brief filed on or about February 13th, 2013, in the matter of Murray v. Bledsoe, et al. Appeal Nos. 12-2245 and 12-2246. Assuming arguendo, Movant is successful with a favorable ruling in his Amicus Curiae brief, the Amicus brief should be named after Justice Scalia.
End of footnote.

FOOTNOTE:
Regarding this Court's April 5, 2018 Opinion as addressed in footnote 5, Movant has read and studied Honorable Judge Hillman's March 14, 2018 opinion vie. our prison computerized law library. Pullman Arms Inc. v. Healey, 2018 U.S. Dist. Lexis, 41550, District Mass. March 14, 2018. Movant will not express an opinion in Judge Hillman's thoughtful opinion. However, Movant notes that he is a legal citologist. That is the study of citations in footnotes and their effect on legal scholarship. Movant is a legal citologist vie. 40 years of footnotes studies. Often, when studying courts publish opinions, its more significant in not reading what the Court may have written; but what the "judge has not written." Likewise, it is often more significant of what a Judge says in footnotes, rather in the body of its opinion. Movant, to the best of his capability, will be following the case of Pullman Arms Inc. v. Healey 2018 U.S. Dist. Lexis, 41550, District of Mass. In that good faith endeavor, should Justice comes calling on Movant to file another Amicus Curiae brief with the Honorable Judges on the First Circuit Court of Appeals; Movant will consider the matter.
    End of footnote.
FOOTNOTE:
Movant's advocacy "is all over" regarding "gun violence" in United States. His advocacy is very well documented since the Sandy Brook killings of those childrens in that Connecticut school. Thus, Movant standing on this advocacy point, is un-challenging on appeal, by the Appellants.

(5)

End of footnote.

## Conclusion

Based on the preceding movant request that this motion be granted.

7-22-18
DATE

Respectfully submitted,
James Muir A.K.A. James King
09548-007
U.S.P. A.D.X. MXX.
P.O. Box 8500
Florence, CO. 81226

(6)